**Kirk Douglas GILBERT**

v.

**The STATE of Texas.**

**No. 07–92–0136–CR.**

Court of Appeals of Texas, Amarillo.

March 24, 1993.

Delhomme, Skrepnek & Fishburn, Allan Fishburn, Dallas, for appellant.

Dallas County Crim. Dist. Attorney's Office, John Vance, and Pamela Sullivan Berdanier, Dallas, for appellee.

Before DODSON, BOYD and POFF, JJ.

POFF, Justice.

Appellant Kirk Douglas Gilbert was charged by indictment with unauthorized use of a motor vehicle. *See* Tex. Penal Code Ann. § 31.07 (Vernon 1989). On May 2, 1991, appellant entered into a plea bargain agreement and plead guilty to the charge. The trial court found that the evidence substantiated appellant's guilt but deferred further proceedings without entering an adjudication of guilt. The court placed appellant on probation for a period of four years and fined him $300.

On September 25, 1991, the State filed a motion for the adjudication of appellant's

guilt alleging that he had violated seven separate conditions of his probation. A hearing was held on the State's motion on October 2, 1991, at which time it came to the court's attention that appellant had previously been under the care of a psychiatrist and had been prescribed tranquilizers. The trial court decided to continue appellant on probation. The court also granted appellant's counsel's request that appellant be given a psychiatric evaluation.

Subsequently, the State filed a second motion to proceed with an adjudication of guilt. The trial court held a hearing on the State's motion on February 20, 1992. At that hearing, appellant reminded the court that he had been ordered to undergo a psychiatric evaluation. Don Mazoch, a probation officer for the 283rd District Court, related the results of appellant's psychological evaluation to the court.[1] In regard to appellant's psychological report, Mr. Mazoch testified that

> under diagnosis it's got schizophrenia undifferentiated, alcohol dependence, antisocial personality disorder, mild mental retardation, severity of psychosocial stress is moderate, and under recommendations it says psychiatric treatment for schizophrenia and alcohol dependence is recommended.

The report did not contain a finding that appellant was incompetent, however. The trial judge noted that appellant had not been examined by a psychiatrist. Accordingly, the court ordered that appellant be examined by a doctor. The hearing was recessed until February 28, 1992.

At the hearing on February 28, the trial court admitted State's Exhibit No. 2 which contained, *inter alia*, a report by forensic psychiatrist E. Clay Griffith finding appellant competent to stand trial. At the conclusion of the hearing, the court found that appellant had violated the terms and conditions of his probation. Accordingly, the court set aside its previous order deferring adjudication of guilt and proceeded to find appellant guilty of unauthorized use of a motor vehicle. The court assessed appellant's punishment at five years confine-

ment in the Texas Department of Criminal Justice, Institutional Division.

In a single point of error, appellant contends the trial court erred in failing to conduct a hearing on the issue of his competency to stand trial. Before addressing the merits of his contention, however, we must resolve a threshold issue.

It is well-established that no appeal may be taken from the hearing in which a trial court determines to proceed with an adjudication of guilt on an original charge. Tex.Crim.Proc.Code Ann. art. 42.12, § 5(b); *Olowosuko v. State*, 826 S.W.2d 940, 942 (Tex.Crim.App.1992); *Russell v. State*, 702 S.W.2d 617, 618 (Tex.Crim.App.1985). This rule is designed to eliminate appellate review of the hearing on the motion to adjudicate guilt, including but not limited to issues such as admissibility and sufficiency of the evidence. *Dahlkoetter v. State*, 628 S.W.2d 255, 257 (Tex.App.—Amarillo 1982, no pet.). The rule is not intended to preclude challenges to all of the rulings a trial court may potentially make in the course of a deferred adjudication proceeding. *See Olowosuko v. State*, 826 S.W.2d at 941 ("[A]n appellate court must sort out various rulings a trial court may make in the course of a deferred adjudication proceeding to determine those which the Legislature provided a right to appeal.").

Several reported cases have permitted appeals from trial court rulings made in the course of deferred adjudication proceedings. *See generally De Leon v. State*, 797 S.W.2d 186 (Tex.App.—Corpus Christi 1990, no pet.). In *Dahlkoetter v. State*, 628 S.W.2d at 257, this Court held that the prohibition against appellate review of a trial court's determination to proceed with an adjudication of guilt does not preclude "an appeal for the purpose of determining whether the judge who conducted the hearing on the motion to adjudicate guilt was empowered to do so." The Court of Criminal Appeals has stated that the Code of Criminal Procedure clearly requires a hearing limited to a determination of whether the trial judge should proceed with a deter-

---

1. No written report of appellant's psychological examination was offered into evidence.

mination of guilt and that "although a defendant cannot appeal the determination made by the trial judge at this hearing, a defendant can appeal a trial judge's failure to hold such a hearing." *McNew v. State,* 608 S.W.2d 166, 173 n. 10 (Tex.Crim.App. [Panel Op.] 1978). The adjudication hearing must provide a defendant with minimum substantive and procedural due process protection.

In *Fuller v. State,* 653 S.W.2d 65, 66–67 (Tex.App.—Tyler 1983, no writ), the Tyler Court of Appeals entertained an appellant's contention that he was not represented by counsel at the hearing in which the trial court determined to proceed with an adjudication of guilt. Similarly, in *Eldridge v. State,* 731 S.W.2d 618, 619 (Tex.App.— Houston [1st Dist.] 1987, no pet.), the First District Court of Appeals held that it had "jurisdiction to determine if a 'hearing' was held that satisfied the requirements of substantive and procedural due process."

■ Minimum due process rights guarantee the right of a probationer to actively contest a charge that his probation should be revoked. The protection of these rights would be of little efficacy, however, if a probationer was incompetent. An incompetent probationer is entirely incapable of participating in his defense and contesting the charges against him. To subject an incompetent probationer to an adjudication hearing would be a travesty of justice. Just as due process entitles a probationer to counsel when contesting an adjudication of his guilt, *Fuller v. State,* 653 S.W.2d at 66–67, due process mandates that a probationer be competent before a court proceeds to an adjudication of guilt.

■ In the present case, appellant contends that the trial court erred in failing to conduct a hearing on the issue of his competency. We are satisfied that we are not prohibited from reviewing appellant's contention. We do not view appellant's assertion of trial court error as an appeal from the trial court's determination to proceed with an adjudication of guilt. Rather, we view appellant's argument as addressing possible error of constitutional magnitude on the part of the trial court in failing to

hold a hearing on the issue of appellant's competency to stand trial. The fact that the issue of appellant's competency first came to light during the trial court's hearing on the State's motion to adjudicate guilt does not render the issue unreviewable by this Court. We will address appellant's solitary point of error.

■ Appellant contends that the trial court erred in failing to conduct a hearing pursuant to Tex.Crim.Proc.Code Ann. art. 46.02, § 2(b) (Vernon 1979), which states:

If during the trial evidence of the defendant's incompetency is brought to the attention of the court from any source, the court must conduct a hearing out of the presence of the jury to determine whether or not there is evidence to support a finding of incompetency to stand trial.

According to the teachings of *Pipken v. State,* 671 S.W.2d 626, 629 (Tex.App.— Houston [1st Dist.] 1984, no pet.), "the time between the deferment of adjudication of guilt and subsequent disposition of the cause by adjudication or dismissal is 'during trial' for the purposes of the requirements imposed by article 46.02, sec. 2(b)." The State does not dispute that in the case at bar, the question as to appellant's competency came to light "during trial." Accordingly, we move on to an analysis of whether the trial court erred in failing to conduct a competency hearing as alleged by appellant.

Appellant argues that evidence of his incompetency was brought to the trial court's attention, thereby mandating a competency hearing pursuant to article 46.02, sec. 2(b). We disagree with appellant because we do not find that any evidence of incompetency was brought to the attention of the trial court.

■ In determining whether there is "some evidence" of a defendant's incompetency, the trial court is required to consider only evidence tending to show incompetency, putting aside all competing indications of competency. *Barber v. State,* 737 S.W.2d 824, 828 (Tex.Crim.App.1987). "A person is incompetent to stand trial if he

does not have: (1) sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding; or (2) a rational as well as a factual understanding of the proceedings against him." Tex.Crim.Proc.Code Ann. art. 46.02, § 1(a) (Vernon 1979). "A defendant is presumed competent to stand trial and shall be found competent to stand trial unless proved incompetent by a preponderance of the evidence." Tex.Crim.Proc.Code Ann. art. 46.-02, § 1(b) (Vernon 1979).

While it is true that during the course of the three different hearings to adjudicate guilt, the question of appellant's competency came to the attention of the trial judge, the judge satisfied himself that appellant was competent to stand trial. No evidence existed to the contrary. The mere fact that a defendant has been treated by a psychiatrist does not constitute evidence of that defendant's present incompetency to stand trial. *Leyva v. State*, 552 S.W.2d 158, 161 (Tex.Crim.App.1977). Nor does the fact that a court orders a defendant to undergo a psychiatric evaluation constitute evidence that the defendant is incompetent to stand trial. *Johnson v. State*, 564 S.W.2d 707, 711 (Tex.Crim.App.1977), *overruled on other grounds, Williams v. State*, 663 S.W.2d 832, 834 (Tex.Crim.App.1984); *Rodriquez v. State*, 816 S.W.2d 493, 495 (Tex.App.— Waco 1991, pet. ref'd).

While the initial court-ordered psychological examination of appellant revealed that appellant suffered from various mental and emotional problems, the examination did not reveal that appellant was incompetent to stand trial. Likewise, the second court-ordered psychological examination of appellant did not contain a finding of incompetence. Upon receipt of the results of the two psychological evaluations performed upon appellant, the trial court had before it no evidence that appellant was incompetent. Thus it cannot be said that evidence of appellant's incompetency was brought to the attention of the trial court during appellant's trial. Accordingly, the court did not err in declining to *sua sponte* conduct a hearing on the issue of appellant's competency to stand trial.

Appellant's point of error is overruled. The judgment of the trial court is affirmed.