TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

NO. 03-95-00218-CR

Thomas Lubecke, Appellant

v.

The State of Texas, Appellee

FROM THE DISTRICT COURT OF TOM GREEN COUNTY, 119TH JUDICIAL DISTRICT

NO. CR93-0409-B, HONORABLE BARBARA WALTHER, JUDGE PRESIDING

PER CURIAM

 In August 1993, the district court accepted appellant's guilty plea to an indictment
accusing him of criminal solicitation, found that the evidence substantiated his guilt, deferred
further proceedings without adjudicating guilt, and placed appellant on probation. In December
1994, the court revoked appellant's probation on the State's motion, adjudicated him guilty, and
assessed punishment at imprisonment for twenty years.

 In his only point of error, appellant contends the district court erred by failing to
conduct a hearing to determine appellant's competence to stand trial. Tex. Code Crim. Proc.
Ann. art. 46.02, § 2(b) (West 1979). Under the statute, if evidence of the defendant's
incompetence is brought to the attention of the court during trial, the court must conduct a hearing
to determine whether there is evidence to support a finding of incompetence to stand trial. 
Appellant argues that evidence of incompetence was brought to the court's attention during the
punishment hearing, when the prosecutor sought to offer in evidence a psychologist's report
concerning appellant's competence.

 The mere fact that a court orders a psychological evaluation does not constitute
evidence that the defendant is incompetent to stand trial. Gilbert v. State, 852 S.W.2d 623, 627
(Tex. App.--Amarillo 1993, no pet.). Appellant successfully objected to the introduction of the
report, and therefore it does not appear in the record. The court, however, did recite the report's
conclusion that appellant was competent to stand trial. Appellant refers us to no evidence in the
record suggesting that appellant was incompetent. In the absence of evidence of incompetence,
the district court was not required to conduct a section 2(b) hearing. The point of error is
overruled.

 The judgment of conviction is affirmed.

Before Justices Powers, Kidd and B. A. Smith

Affirmed

Filed: October 18, 1995

Do Not Publish