James Matthew WIER, Appellant,

v.

The STATE of Texas, Appellee.

No. 07–94–0152–CR.

Court of Appeals of Texas,
Amarillo.

March 11, 1996.

Gary Noble, Dallas, for appellant.

John Vance, Criminal District Attorney, Dallas (Karen R. Wise, Jason January, Kate Porter), for appellee.

Before REYNOLDS, C.J., and DODSON and BOYD, JJ.

REYNOLDS, Chief Justice.

Pleading "True" to the State's allegation of the violation of a condition of probation, which was granted when the trial court de-

ferred adjudication of his guilt upon his plea of guilty to the offense of indecency with a child, appellant James Matthew Wier [1] asked the court to "continue him on probation." The court, hearing the evidence, set aside its prior order deferring adjudication, proceeded to adjudge appellant guilty of the offense of indecency with a child, and assessed his punishment at confinement for six years.

Appealing, appellant charges the trial court with an abuse of discretion "by revoking [his] probation when [he] offered uncontradicted expert testimony recommending a specific treatment plan which would minimize the chance of [his] reoffending, stating that [he] was not a threat to the community, and that [he] would not benefit at all by going to the penitentiary." He recognizes that no appeal may be taken from the court's determination to proceed with an adjudication of guilt on the original charge. Tex.Code Crim. Proc.Ann. art. 42.12, § 5(b) (Vernon Supp. 1996); *Olowosuko v. State*, 826 S.W.2d 940, 942 (Tex.Cr.App.1992). However, citing *Gilbert v. State*, 852 S.W.2d 623, 625 (Tex.Cr. App.1993), for the ruling that the prohibition does not preclude challenges to all rulings the court may potentially make in the course of a deferred adjudication proceeding, appellant submits that we have jurisdiction to entertain his appeal as it relates to the trial court's determination as to punishment. We are not in accord.

It is immediately obvious that in faulting the trial court for revoking his probation— *i.e.*, in not continuing his probation as he asked, and produced evidence in the attempt to persuade, the court to do—appellant is only challenging the court's determination to proceed with an adjudication of guilt. As appellant recognizes, he is not authorized to appeal for that purpose. Article 42.12, § 5(b), *supra; Olowosuko v. State*, 826 S.W.2d at 942.

Still, appellant proposes that he is not appealing from the court's determination to proceed with an adjudication of guilt, but is appealing from the portion of the proceeding applicable to punishment. In this connec-

---

**1.** Although the judgment shows appellant's surname as "Weir," all other documents, including the indictment, reflect that his surname is "Wier."

tion, appellant argues that his sentence of six years confinement was unreasonable in light of the uncontradicted testimony of his expert witness, and "the Court should have continued [him] on probation." The argument, premised upon the theory that the evidence preponderated in favor of continued probation, is but another form of challenging the sufficiency of the evidence upon which the court proceeded to a determination of guilt and punishment on the original charge, a challenge we may not entertain.[2] *Gilbert v. State*, 852 S.W.2d at 625. Because appellant cannot appeal from the trial court's decision to adjudicate, the proper disposition is to dismiss the appeal. *Phynes v. State*, 828 S.W.2d 1, 2 (Tex.Cr.App.1992).

Accordingly, the appeal is dismissed.

---

**2.** In this light, we do not accept the State's concession that we have jurisdiction to entertain the appeal as it relates to punishment.