**Jose Armando ARISTA, Appellant,**

v.

**The STATE of Texas, Appellee.**

**Nos. 04–98–00777–CR to 04–98–00779–CR and 04–98–00807–CR.**

Court of Appeals of Texas, San Antonio.

July 14, 1999.

Sherri A. Russell, San Antonio, for appellant.

Mary Beth Welsh, Asst. Criminal Dist. Atty., San Antonio, for appellee.

Sitting: PHIL HARDBERGER, Chief Justice ALMA LÓPEZ, Justice PAUL W. GREEN, Justice.

## OPINION

Opinion by: PAUL W. GREEN, Justice.

The trial court granted the State's motion to revoke Jose Arista's deferred adjudication probation in three cases involving attempted arson, aggravated assault, and aggravated sexual assault of a child. Pursuant to a plea bargain in a fourth case, the court also found Arista guilty of aggravated assault. The trial court sentenced Arista to eight years confinement for the first three offenses and twelve years for the fourth offense, all to run concurrently. On appeal, Arista contends the trial court erred by failing to hold a competency hearing; he also challenges the voluntariness of his plea based on competency. We dismiss the first three appeals for lack of jurisdiction and affirm the judgment in the fourth appeal.

### Jurisdiction

The State contends we have no jurisdiction to decide Arista's competency complaints in the first three cases.[1] We agree.

Generally, an appellant cannot appeal a trial court's decision to adjudicate guilt following deferred adjudication probation. *See* TEX.CODE CRIM. PROC. ANN. art. 42.12, § 5(b) (Vernon Supp.1999). In *Gilbert v. State*, the Amarillo Court of Appeals held that a competency decision is not equivalent to the trial court's decision to adjudicate guilt and therefore may be raised on appeal. *Gilbert v. State*, 852 S.W.2d 623, 626 (Tex.App.—Amarillo 1993, no pet.). The Court of Criminal Appeals, however, has suggested that any decision not related to the trial court's jurisdiction

---

1. The cases include trial court cause numbers 91–CR–1996 (appeal number 04–98–00807–CR), 91–CR–5837 (appeal number 04–98– 00777–CR), and 94–CR–6213 (appeal number 04–98–00778–CR).

is intrinsically part of the trial court's decision to adjudicate guilt and is therefore not appealable. *Connolly v. State,* 983 S.W.2d 738, 741 (Tex.Crim.App.1999). Given *Connolly,* we decline to follow *Gilbert.* Accordingly, we dismiss Arista's first three complaints for lack of jurisdiction.

### Voluntary Plea

 In his fourth case, Arista complains his guilty plea was involuntary because he was mentally incompetent at the time of the plea. We disagree.

 Arista bears the burden of showing that his plea was involuntary. *See Crawford v. State,* 890 S.W.2d 941, 944 (Tex. App.—San Antonio 1994, no pet.). Because competence to enter a plea is presumed, Arista must show he lacked the ability to consult with his lawyer with a reasonable degree of rational understanding, or a rational and factual understanding of the proceedings against him. TEX. CODE CRIM. PROC. ANN. art. 46.02, § 1 (Vernon 1989).

In July 1997, in conjunction with the other cases, Dr. Raymond Potter found that Arista was competent to stand trial. He said Arista was able to communicate with his lawyer and assist his defense, although Arista suffered from substance abuse, attention deficit disorder, anxiety, and depression. A year later, in July 1998, Arista entered into the plea bargain in this case and signed written admonishments indicating that he was competent. The following month, at the sentencing hearing, Arista gave the trial court a pro se letter asking for a psychiatric examination. The court denied the request, based on the lucidity of the letter and the prior mental examination. Arista then said he had "never open[ed] to the psychiatrists that [had] seen me." Arista's attorney denied knowing whether Arista still had psychiatric problems and noted the pre-sentence investigation report "didn't show that much about it."

Although Arista apparently suffered from a mental disease or defect, there is no indication that it affected his ability to communicate with counsel or understand the proceedings against him. In short, the evidence does not overcome the presumption that Arista was competent or his plea voluntary.

### Conclusion

We dismiss the appeals in appellate cause numbers 04–98–00807–CR, 04–98–00777–CR, and 04–98–00778–CR for lack of jurisdiction. We affirm the trial court's judgment in appellate cause number 04–98–00779–CR.