Nos. 04-98-00777-CR, 04-98-00778-CR, 04-98-00779-CR, 04-98-00807-CR



Jose Armando ARISTA,


Appellant



v.



The STATE of Texas,


Appellee



From the 186th Judicial District Court, Bexar County, Texas


Trial Court Nos. 91-CR-5837, 94-CR-6213, 97-CR-4090, 91-CR-1996


Honorable Terry McDonald, Judge Presiding



Opinion by: Paul W. Green, Justice


Sitting: Phil Hardberger, Chief Justice

 Alma López, Justice

 Paul W. Green, Justice


Delivered and Filed: July 14, 1999 


DISMISSED IN PART AND AFFIRMED IN PART


 The trial court granted the State's motion to revoke Jose Arista's deferred adjudication
probation in three cases involving attempted arson, aggravated assault, and aggravated sexual
assault of a child. Pursuant to a plea bargain in a fourth case, the court also found Arista
guilty of aggravated assault. The trial court sentenced Arista to eight years confinement for
the first three offenses and twelve years for the fourth offense, all to run concurrently. On
appeal, Arista contends the trial court erred by failing to hold a competency hearing; he also
challenges the voluntariness of his plea based on competency. We dismiss the first three
appeals for lack of jurisdiction and affirm the judgment in the fourth appeal.

Jurisdiction


 The State contends we have no jurisdiction to decide Arista's competency complaints
in the first three cases.(1) We agree.

 Generally, an appellant cannot appeal a trial court's decision to adjudicate guilt
following deferred adjudication probation. See Tex. Code Crim. Proc. Ann. art. 42.12, §
5(b) (Vernon Supp. 1999). In Gilbert v. State, the Amarillo Court of Appeals held that a
competency decision is not equivalent to the trial court's decision to adjudicate guilt and
therefore may be raised on appeal. Gilbert v. State, 852 S.W.2d 623, 626 (Tex.
App.--Amarillo 1992, no pet.). The Court of Criminal Appeals, however, has suggested that
any decision not related to the trial court's jurisdiction is intrinsically part of the trial court's
decision to adjudicate guilt and is therefore not appealable. Connolly v. State, 983 S.W.2d
738, 741 (Tex. Crim. App. 1999). Given Connolly, we decline to follow Gilbert.
Accordingly, we dismiss Arista's first three complaints for lack of jurisdiction.

Voluntary Plea


 In his fourth case, Arista complains his guilty plea was involuntary because he was
mentally incompetent at the time of the plea. We disagree.

 Arista bears the burden of showing that his plea was involuntary. See Crawford v.
State, 890 S.W.2d 941, 944 (Tex. App.--San Antonio 1994, no pet.). Because competence
to enter a plea is presumed, Arista must show he lacked the ability to consult with his lawyer
with a reasonable degree of rational understanding, or a rational and factual understanding
of the proceedings against him. Tex. Code Crim. Proc. Ann. art. 46.02, § 1 (Vernon 1989).

 In July 1997, in conjunction with the other cases, Dr. Raymond Potterf found that
Arista was competent to stand trial. He said Arista was able to communicate with his lawyer
and assist his defense, although Arista suffered from substance abuse, attention deficit
disorder, anxiety, and depression. A year later, in July 1998, Arista entered into the plea
bargain in this case and signed written admonishments indicating that he was competent. The
following month, at the sentencing hearing, Arista gave the trial court a pro se letter asking
for a psychiatric examination. The court denied the request, based on the lucidity of the letter
and the prior mental examination. Arista then said he had "never open[ed] to the psychiatrists
that [had] seen me." Arista's attorney denied knowing whether Arista still had psychiatric
problems and noted the presentence investigation report "didn't show that much about it."

 Although Arista apparently suffered from a mental disease or defect, there is no
indication that it affected his ability to communicate with counsel or understand the
proceedings against him. In short, the evidence does not overcome the presumption that
Arista was competent or his plea voluntary. 

Conclusion


 We dismiss the appeals in appellate cause numbers 04-98-00807-CR, 04-98-00777-CR, and 04-98-00778-CR for lack of jurisdiction. We affirm the trial court's judgment in
appellate cause number 04-98-00779-CR.

 

 PAUL W. GREEN,

 JUSTICE


PUBLISH


1. The cases include trial court cause numbers 91-CR-1996 (appeal number 04-98-00807-CR), 91-CR-5837
(appeal number 04-98-00777-CR), and 94-CR-6213 (appeal number 04-98-00778-CR).