NO. 07-00-0519-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

OCTOBER 11, 2001

_____

WADE RAY SANDERS, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 181ST DISTRICT COURT OF POTTER COUNTY;

NO. 42,044-B; HONORABLE JOHN BOARD, JUDGE

_____

Before BOYD, C.J., and REAVIS and JOHNSON, JJ.

Pursuant to a guilty plea for assault on a public servant, appellant Wade Ray Sanders was granted deferred adjudication and placed on community supervision for three years. At a hearing on the State's amended motion to proceed with an adjudication of guilt, appellant plead true to possession of a firearm and the trial court heard evidence on three remaining allegations. The trial court adjudicated appellant guilty of the original

charge and assessed punishment at ten years confinement. Appellant filed a general notice of appeal. Based upon the rationale expressed herein, we dismiss this appeal for want of jurisdiction.

According to the record, on March 23, 2000, Officer Mike Willis was dispatched to appellant's home for a domestic dispute. Appellant allegedly struck Willis in the mouth causing injury. On August 17, 2000, appellant was placed on deferred adjudication for three years for assaulting Officer Willis. The following day, officers were dispatched to appellant's mother's residence where appellant was threatening to commit suicide with a rifle. According to the responding officers, appellant threatened the life of Officer Willis. After the incident appellant was taken to a local hospital for medical evaluation and following an interview with a mental health counselor, he was admitted to a mental health facility for thirteen days. On October 4, 2000, the trial court adjudicated appellant guilty of the original charge of assault against Officer Willis.

Presenting two points of error, appellant contends the trial court (1) abused its discretion in failing to *sua sponte* conduct a competency hearing before adjudicating him guilty, and (2) erred and abused its discretion in revoking his community supervision on insufficient evidence. Article 42.12, section 5(b) of the Texas Code of Criminal Procedure expressly denies a defendant the right to appeal from a trial court's determination to adjudicate guilt. Connolly v. State, 983 S.W.2d 738, 741 (Tex.Cr.App. 1999); Phynes v. State, 828 S.W.2d 1, 2 (Tex.Cr.App. 1992); Olowosuko v. State, 826 S.W.2d 940, 941-42

(Tex.Cr.App. 1992). An appeal cannot be had to challenge: (1) the sufficiency of the evidence to support the trial court's adjudication of guilt, (2) a claim of ineffective assistance of counsel at the hearing on the motion to adjudicate, (3) a claim that the conditions of community supervision are too vague, and (4) a claim that a variance exists between the community supervision conditions in the order and those alleged in the motion to adjudicate. *See Phynes*, 828 S.W.2d at 2, and *Olowosuko*, 826 S.W.2d at 942. However, article 42.12, section 5(b) expressly allows an appeal of all proceedings after the adjudication of guilt on the original charge. *Olowosuko*, 826 S.W.2d at 942. An appeal may be had to challenge (1) the assessment of punishment, and (2) the pronouncement of sentence. Tex. Code Crim. Proc. Ann. art. 42.12 § 5(b) (Vernon Supp. 2001). Thus, as an appellate court, it is our duty to sort out the trial court's rulings in the course of a deferred adjudication proceeding to determine those which the Legislature has provided a right to appeal. *See Olowosuko*, 826 S.W.2d at 941.

Our initial inquiry is to determine whether assessment of appellant's competency to stand trial is a challenge to the trial court's determination to proceed with an adjudication of guilt from which no appeal is permitted. We conclude that it is. We are cognizant that in 1993, this Court held that it was not prohibited from reviewing a trial court's failure to conduct a mental competency hearing prior to proceeding with an adjudication of guilt. Gilbert v. State, 852 S.W.2d 623, 626 (Tex.App.–Amarillo 1993, no pet.). However, more recent opinions of the Court of Criminal Appeals suggest that given the plain meaning of

3

article 42.12, section 5(b), any contentions of error in the adjudication of guilt process are foreclosed from appellate review. Connolly v. State, 983 S.W.2d 738, 741 (Tex.Cr.App. 1999). *See generally* Phynes v. State, 828 S.W.2d 1 (Tex.Cr.App. 1992) (holding that even if the right to counsel had been violated, it could not be raised on appeal from the trial court's decision to adjudicate); Olowosuko v. State, 826 S.W.2d 940, 942 (Tex.Cr.App 1992) (explaining that since the beginning of deferred adjudication practice, the Legislature meant what it said in article 42.12, section 5(b)); *see also* Arista v. State, 2 S.W.3d 444, 445-46 (Tex.App.–San Antonio 1999, no pet.) (declining to follow this Court's decision in *Gilbert* in light of *Connolly* in an appeal from an adjudication of guilt in which Arista contended the trial court erred by failing to hold a competency hearing).

Having concluded that the issue of mental competency relates to the adjudication of guilt process and does not fall within the statutory category of "all proceedings" after an adjudication of guilt from which an appeal may continue, (*i.e.*, assessment of punishment and pronouncement of sentence), we also find that appellant's general notice of appeal is insufficient to invoke this Court's jurisdiction. The Court of Criminal Appeals has recently held on appeal from an adjudication of guilt, if an issue unrelated to a conviction is raised, the limitations of Rule 25.2(b)(3) of the Texas Rules of Appellate Procedure do not apply and a general notice of appeal is sufficient. Vidaurri v. State, 49 S.W.3d 880, 885 (Tex.Cr.App. 2001). Conversely, where as here, we have determined that an attack on the trial court's failure to hold a competency hearing prior to an adjudication of guilt is

4

an issue relating to the conviction, the notice of appeal limitations were triggered and appellant's general notice of appeal was insufficient to invoke our jurisdiction. Thus, for the foregoing reasons, we are without jurisdiction to consider appellant's points of error.

Accordingly, this appeal is dismissed for want of jurisdiction.


Don H. Reavis
Justice


Do not publish.