COURT OF APPEALS

EIGHTH DISTRICT OF TEXAS

EL PASO, TEXAS

 

 




 
 
  
 MIGUEL
 CONTRERAS, JR., AKA MIGUEL CONTRERAS,
  
                             Appellant,
  
 v.
  
 THE STATE OF TEXAS,
  
                             Appellee.
 
 
  
 '
  
 '
  
 '
  
 '
  
 '
 
 
  
 No. 08-01-00391-CR
  
 Appeal from the
  
 243rd
 District Court
  
 of El
 Paso County, Texas
  
 (TC#
 69682)
 
 




 

 

OPINION ON STATE=S MOTION TO DISMISS

 

Before this Court is the
State's motion to dismiss for want of jurisdiction in Appellant=s appeal from his adjudication
of guilt and revocation of community service for aggravated sexual assault of a
child.  We grant the motion to dismiss.

I.  SUMMARY OF THE EVIDENCE








Appellant pleaded guilty to the
offense of aggravated sexual assault of a child.  The court placed Appellant on ten (10) years= deferred adjudication
probation.  The State filed a motion to
adjudicate Appellant=s guilt alleging that he had harbored a runaway.  At the hearing on the motion to adjudicate,
Appellant=s counsel informed the trial court
that there was a question regarding Appellant=s mental competency.  The hearing was continued and Appellant was
examined by a psychologist.  A competency
trial commenced and the jury found Appellant to be competent.  

The trial court then proceeded to
hold a hearing on the State=s motion to adjudicate Appellant=s guilt on the original charge.  Appellant entered a plea of Anot true by insanity.@ 
At the close of the hearing, the trial court found the allegation to be
true.  At the punishment stage hearing,
two mental health experts testified for Appellant.  At the close of hearing, the trial court
remarked that it agreed with the jury=s determination that Appellant was
competent.  Appellant was then sentenced
to life imprisonment.  

We note at the outset that Appellant=s notice of appeal asserts that he
was appealing the sentencing decision of the trial court.  Appellant=s brief on appeal solely attacks the
sufficiency of the evidence to support the jury=s determination of competence. 

III.  DISCUSSION

The State maintains that this Court
lacks jurisdiction to entertain Appellant=s appeal because the competency
determination was merely an ancillary component of the trial court=s decision to adjudicate his guilt
which is not reviewable on direct appeal.  For the reasons set forth below, we agree.  

Tex. Code Crim. Proc. Ann. art. 42.12, ' 5(b) (Vernon Supp. 2003) which
governs the adjudication of guilt upon violation of community supervision
reads:








On violation of a condition of community supervision
imposed under Subsection (a) of this section, the defendant may be arrested and
detained as provided in Section 21 of this article. The defendant is entitled
to a hearing limited to the determination by the court of whether it proceeds
with an adjudication of guilt on the original charge. No appeal may be taken
from this determination.  After an
adjudication of guilt, all proceedings, including assessment of punishment,
pronouncement of sentence, granting community supervision, and defendant=s appeal continue as if the adjudication of guilt had
not been deferred.

 

When a defendant=s deferred adjudication community
supervision has been revoked, 
and he has been adjudicated guilty, he may not raise appellate
contentions of error in the entire adjudication of guilt process.  Connolly v. State, 983
S.W.2d 738, 741 (Tex. Crim. App. 1999).  In Connolly, the defendant moved to
dismiss the State=s amended motion to revoke and proceed to judgment on the
ground that the State had not used due diligence to apprehend him.  Id. at 739.  The Court of Criminal Appeals held that the
question of due diligence was merely a part of its decision to revoke and no
appeal was allowed from that decision.  Id. at 741.  








In Arista
v. State, 2 S.W.3d 444, 445-46 (Tex. App.--San Antonio, 1999, no pet.), the
Court of Appeals read Connelly to suggest that any decision not related
to the trial court=s jurisdiction is intrinsically part of the court=s decision to adjudicate guilt and is
not appealable. 
Id.  The Court held that
the failure of the trial court to hold a competency hearing prior to proceeding
to an adjudication of guilt was a decision that could not be appealed.  Id. at 446.  The San Antonio Court of Appeals expressly
declined to follow Gilbert v. State, 852 S.W.2d 623, 626 (Tex. App.‑‑Amarillo
1993, no pet.).  In Gilbert, the
Amarillo Court of Appeals held that due process required a probationer be
competent before a trial court proceeds to an adjudication of guilt.  The Court likened this to a probationer=s entitlement to counsel to contest
an adjudication of guilt and held that it had jurisdiction to entertain the
appeal.[1]  Id. at 626.  

In Marbut
v. State, 76 S.W.3d 742, 747 (Tex. App.--Waco 2002, pet. ref=d), the Waco Court of Appeals held
that competency proceedings pertain to the validity of the proceedings whereby
guilt is assessed and thus do not pertain to the decision or determination to
adjudicate guilt.  Id.  We do not perceive Connelly makes this
distinction.  We agree and dismiss this
appeal for want of jurisdiction.  

January
16, 2003

 

 

            

                                                                                    RICHARD
BARAJAS, Chief Justice

 

Before
Panel No. 3

Barajas,
C.J., Larsen, and Chew, JJ.

 

(Do
Not Publish)











[1]  We note that
in Phynes v. State, 828 S.W.2d 1, 2
(Tex. Crim. App. 1992), the Court of Criminal Appeals
held that even if a defendant=s right to counsel was violated at an adjudication
hearing, he could not use a direct appeal to seek redress.  We also note that the Amarillo Court of
Appeals rejected its holding in Gilbert in an unpublished opinion.  Sanders v. State, 2001 WL 1217313
(Tex. App.--Amarillo, Oct. 11, 2001)(not designated
for publication).