11th
Court of Appeals

                                                                  Eastland,
Texas

                                                                        Opinion

 

Rene Nava

Appellant

Vs.                   Nos.
11-02-00219-CR & 11-02-00220-CR B Appeals from Dallas County

State of Texas

Appellee

 

In a
consolidated trial, Rene Nava pleaded guilty to two offenses of aggravated
assault with a deadly weapon. 
Negotiated plea agreements were reached, and the trial court placed
appellant on deferred adjudication community supervision for 10 years and assessed
a $2,000 fine in each case.

Thereafter,
the State moved to adjudicate appellant=s guilt.  Appellant pleaded true
to violating the conditions of his community supervision, and the trial court
adjudicated appellant=s
guilt and assessed his punishment at confinement for 15 years in each
case.  Appellant appeals the judgments
adjudicating his guilt in each case.  We
will dismiss the appeals in both cases because we have no jurisdiction.

In a
single point of error in each case, appellant contends that the trial court
erred in failing to sua sponte Ainquire@ into appellant=s competency to stand trial after the issue was raised.  Appellant relies upon the testimony of
appellant that he went to ACATS@ for a psychiatric evaluation and that CATS
made an appointment for him for a second appointment that he did not keep
because he did not have transportation.

TEX. CODE
CRIM. PRO. ANN. art. 42.12, ' 5(b) (Vernon Supp. 2003) states that on violation of a condition of
deferred adjudication community supervision:

The defendant is entitled to a hearing
limited to the determination by the court of whether it proceeds with an
adjudication of guilt on the original charge. 
No appeal may be taken from this determination.

 








Appellant
cites the majority opinion in Marbut v. State, 76 S.W.3d 742 (Tex.App. - Waco
2002, pet=n ref=d), to support his argument that we have jurisdiction to decide the
issue.  The court in Marbut, when
confronted with the issue before us, relied upon TEX. CODE CRIM. PRO. ANN. art.
46.02, ' 4(a) (Vernon Pamph Supp. 2003) (Incompetency
to stand trial) and TEX. CODE CRIM. PRO. ANN. art. 42.07 (Vernon Supp. 2003)
(Preventing pronouncement of sentence if defendant is incompetent to stand
trial).  The court in Marbut also
relied upon Gilbert v. State, 852 S.W.2d 623, 626 (Tex.App. - Amarillo 1993, no
pet=n).[1]  The Marbut court held that the question
of competency to stand trial pertained to the validity of the Aproceedings@ whereby the defendant=s guilt was adjudicated and the defendant was sentenced to prison.  The court held that the competency issue did
not pertain to the trial court=s decision (determination) to adjudicate the defendant=s guilt. 
Therefore, the Marbut court held it had jurisdiction to determine
the issue.  The court then reviewed the
evidence and held that the evidence was insufficient to create a bona fide
doubt as to the defendant=s competency to stand trial.

When
confronted with the issue presented in our case and in Marbut, the court
in Arista v. State, supra, declined to follow Gilbert and held that,
under Article 42.12, section 5(b), the court had no jurisdiction to hear a
complaint that the trial court erred by failing to hold a competency hearing.

We
conclude that Arista is the correct holding, and we decline to follow Marbut.  The court in McDaniel v. State, 98 S.W.3d
704, 706, 710 (Tex.Cr.App.2003), recently stated that a trial judge:

[N]eed not perform a Acompetency inquiry@ unless evidence is presented that raises a
bona fide doubt in the judge=s mind regarding the defendant=s Apresent ability to consult with [his] lawyer
with a reasonable degree of rational understanding@ or his Arational as well as factual understanding of the proceedings against
[him].@

 

The
court added:

A Section 2 or Acompetency inquiry@ is required only if the evidence brought to the judge=s attention raises a bona fide doubt in the
judge=s mind about the defendant=s competency to stand trial.

 








We hold that the
prohibition in Article 42.12, section 5(b) that there be ANo appeal@ taken from the determination by the trial Acourt of whether it proceeds with an
adjudication of guilt on the original charge@ does not permit an appellate court to review the evidence to determine
if the evidence Abrought to the judge=s attention@ raises a Abona
fide doubt@ as to a defendant=s competency to stand trial.  See Connolly v. State, supra.

We dismiss
the appeals for lack of jurisdiction.

 

AUSTIN
McCLOUD

SENIOR
JUSTICE

 

May 15, 2003

Publish.  See TEX.R.APP.P. 47.2(b).

Panel consists of: Wright, J., and

McCall, J., and McCloud, S.J.[2]











[1]We note that the Amarillo Court in Sanders v. State,
No. 07-00-0519-CR, 2001 Tex. App. LEXIS 6882 (Tex.App. - Amarillo 2001, no pet=n)(not designated for publication), citing Connolly v.
State, 983, S.W.2d 738, 741 (Tex.Cr.App.1999), and Arista v. State,  2 S.W.3d 444, 445-46 (Tex.App. - San Antonio
1999, no pet=n), expressly disapproved of the earlier holding in Gilbert.





[2]Austin McCloud, Retired Chief Justice, Court of
Appeals, 11th District of Texas at Eastland sitting by assignment.