Donald Emich v. State
















IN THE
TENTH COURT OF APPEALS
 

No. 10-02-00319-CR

     DONALD EMICH,
                                                                              Appellant
     v.

     THE STATE OF TEXAS,
                                                                              Appellee
 

From the 40th District Court
Ellis County, Texas
Trial Court # 25685CR
                                                                                                                

MEMORANDUM OPINION
                                                                                                                

      Donald Emich pled guilty under a plea-bargain agreement to injury to a child, a third-degree felony. The trial court placed him on three years’ deferred-adjudication community
supervision. Three months later, in November 2001, the State filed a motion to adjudicate
guilt alleging that Emich failed to report monthly to his probation officer and failed to pay
fines and fees. In February 2002, under another plea-bargain agreement, the trial court
amended the community-supervision order, continued Emich on community supervision, and
required him to serve 180 days in jail. In June 2002, the State filed a second motion to
adjudicate guilt alleging that Emich failed to abide by six provisions of his community
supervision: to report to his probation officer, to allow his probation officer to visit him, to
work and report any changes in employment, to perform community service, and to pay fines
and fees. In October 2002, Emich pled “not true” to the allegations, and the trial court held an
evidentiary hearing. The court granted the motion, adjudicated guilt, and sentenced him to ten
years in prison.
      On appeal, Emich complains that (1) the evidence that he violated provisions of the
community-supervision order is insufficient, and (2) the motion to adjudicate guilt was not
served on Emich or defense counsel, and the motion did not give fair notice of the grounds on
which it was based.
      Our initial inquiry is jurisdiction. State v. Roberts, 940 S.W.2d 655, 657 (Tex. Crim.
App. 1996) (A court may sua sponte review its subject matter jurisdiction.). We believe that
the Court of Criminal Appeals has directly addressed how we determine our jurisdiction in this
instance. In Bayless v. State, speaking in a case involving an appeal under the former version
of Rule 25.2(b)(3), the Court said:
Once a notice of appeal has been timely filed in a case, the Court of Appeals obtains
jurisdiction over the case. Jones v. State, 796 S.W.2d 183, 186 (Tex. Crim. App. 1990). 
Thus, defects in the notice that do not affect whether the instrument filed with the clerk is
actually a notice of appeal do not prevent the appellate court from having jurisdiction over
the appeal. Instead, they might affect the matters that are cognizable by the appellate
court. 43A George E. Dix & Robert O. Dawson, Texas Practice: Criminal
Practice and Procedure § 43.252 (2d ed. 2001). We recognize that in the past we
have addressed the issue of whether a notice conferred jurisdiction over a court of appeals
when in fact a question of jurisdiction was not at issue. See, e.g., Davis v. State, 870
S.W.2d 43, 46 (Tex. Crim. App. 1994) (holding that the appellant's "general notice" of
appeal under former Texas Rule of Appellate Procedure 40(b)(1) failed to confer
jurisdiction on the Court of Appeals). Similarly, in the present case, the issue is not
whether the jurisdiction of the Court of Appeals was invoked; it is whether the Court of
Appeals had the power to address the merits of appellant's claims.

Bayless v. State, 91 S.W.3d 801, 803 n.2 (Tex. Crim. App. 2002). Thus, Emich’s notice of
appeal conferred jurisdiction on this court. See Jones v. State, 796 S.W.2d 183, 186 (Tex.
Crim. App. 1990) (“Once a notice of appeal has been filed in a case, the Court of Appeals has
obtained jurisdiction of that cause. Art. V., § 6, Texas Constitution, confers jurisdiction of all
non-death penalty cases on the courts of appeals.”). Furthermore, “A constitutional grant of
appellate jurisdiction treats a right of appeal in criminal cases ‘as a remedy to revise the whole
case upon the law and facts, as exhibited in the record.’” Carter v. State, 656 S.W.2d 468,
468-69 (Tex. Crim. App. 1983); see also Carroll v. State, 101 S.W.3d 454, 456 (Tex. Crim. 
App. 2003) ("Once jurisdiction of an appellate court is invoked, exercise of its reviewing
functions is limited only by its own discretion or a valid restrictive statute."); State v. Lara,
924 S.W.2d 198, 201 n.3 (Tex. App.—Corpus Christi 1996, no pet.).
      The question is: what claims may we review? Bayless, 91 S.W.3d at 803 n.2.
      Article 42.12 § 5(b) represents a limitation on the exercise of our reviewing function. In a
deferred-adjudication case, if the trial court determines, after a mandatory hearing, to
adjudicate guilt because of a violation of the terms of community supervision, that decision is
not appealable. Tex. Code Crim. Proc. Ann. art. 42.12, § 5(b) (Vernon Supp. 2004) (“No
appeal may be taken from this determination.”); Olowosuko v. State, 826 S.W.2d 940, 942
(Tex. Crim. App. 1992) (citing Williams v. State, 592 S.W.2d 931 (Tex. Crim. App. 1979)
(decision to proceed with an adjudication of guilt is one of absolute non-reviewable
discretion)). If guilt is adjudicated, all proceedings thereafter “continue as if the adjudication
of guilt had not been deferred.” Id.
      This limitation on the right to raise an issue on appeal regarding the decision to adjudicate
has been rather strictly applied by the Court of Criminal Appeals and the courts of appeals in
cases attempting to raise a variety of claimed defects:
      •    proof of due diligence; Connolly v. State, 983 S.W.2d 738, 741 (Tex. Crim. App. 
1999) (defendant may not raise on appeal contentions of error in the “adjudication of
guilt process”);
      •    competency to stand trial; Nava v. State, 110 S.W.3d 491, 493 (Tex. App.—Eastland
2003, no pet.);
      •    voluntariness of plea of true to motion to adjudicate; Hargrave v. State, 10 S.W.3d
355, 357 (Tex. App.—Houston [1st Dist.] 1999, pet. ref’d);
      •    effectiveness of counsel during adjudication proceeding; Cooper v. State, 2 S.W.3d
500, 504 (Tex. App.—Texarkana 1999, pet. ref’d);
      •    sufficiency of the evidence to revoke community supervision; Leal v. State, 962
S.W.2d 652, 653 (Tex. App.—Corpus Christi 1998, no pet.);
      •    use of illegally seized evidence; Sanders v. State, 944 S.W.2d 448, 450 (Tex. 
App.—Houston [14th Dist.] 1997, no pet.);
      •    conditions of probation not specific enough to support revocation; Abdallah v. State,
924 S.W.2d 751, 754 (Tex. App.—Fort Worth 1996, pet. ref’d);
      •    failure to state reasons for revocation; Cole v. State, 931 S.W.2d 578, 580 (Tex. 
App.—Dallas 1995, pet. ref’d);
      •    denial of request for continuance; Collins v. State, 912 S.W.2d 864, 864 (Tex.
App.—Beaumont 1995, no pet.).
      On the other hand, the Court of Criminal Appeals in Olowosuko said:
The problem thus illuminated in a deferred adjudication context lies in a failure to identify
the precise matter a defendant seeks to appeal. It is axiomatic that a party may appeal only
that which the Legislature has authorized. Galitz v. State, 617 S.W.2d 949, at 951 (Tex.
Cr. App. 1981). Therefore, an appellate court must sort out various rulings a trial court
may make in the course of a deferred adjudication proceeding to determine those which the
Legislature provided a right to appeal.

Olowosuko, 826 S.W.2d at 941. The First Court of Appeals has observed that minimum
requirements of due process must be observed in probation (community supervision)
revocation hearings. Osborne v. State, 845 S.W.2d 319, 321 (Tex. App.—Houston [1st Dist.]
1992, pet. ref’d). And, several courts of appeals have reviewed complaints that arose in
adjudication proceedings. Gilbert v. State, 852 S.W.2d 623, 626 (Tex. App.—Amarillo 1992,
no writ) (competency to stand trial); DeLeon v. State, 797 S.W.2d 186, 188 (Tex. 
App.—Corpus Christi 1990, no pet.) (motion untimely); Eldridge v. State, 731 S.W.2d 618,
619 (Tex. App.—Houston [1st Dist.] 1987, no pet.) (no meaningful hearing); Dahlkoetter v. 
State, 628 S.W.2d 255, 257 (Tex. App.—Amarillo 1982, no pet.) (judge’s authority to hold
hearing). To date, we have reviewed only the question of a defendant’s competency to stand
trial, following the Amarillo Court’s decision in Gilbert.


 Marbut v. State, 76 S.W.3d 742
746-47 (Tex. App.—Waco 2002, pet. ref’d).
      Both of Emich’s issues concern matters related to the decision-to-adjudicate process. 
Thus, article 42.12 § 5(b) precludes our reviewing them. We dismiss issues one and two.
 

      Having dismissed both of Emich’s issues, we affirm the judgment.
 
                                                                   BILL VANCE
                                                                   Justice

Before Chief Justice Gray,
      Justice Vance, and
      Justice Reyna



      (Justice Gray dissenting)
Affirmed
Opinion delivered and filed March 17, 2004
Publish
[CR25]