Hardee v. State





COURT OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
 
NO. 2-03-199-CR
 
 
SHAWN 
HARDEE                                                                   APPELLANT
 
V.
 
THE 
STATE OF TEXAS                                                                  STATE
 
 
------------
 
FROM 
CRIMINAL DISTRICT COURT NO. 2 OF TARRANT COUNTY
 
------------
 
OPINION
 
------------
        Appellant 
Shawn Hardee appeals his conviction for aggravated assault with a deadly weapon.  
In a single point, appellant contends that the trial court erred by denying his 
oral motion for an examination to determine whether he was competent to stand 
trial.  Appellant argues that the trial court should have both ordered a 
mental health examination and held an evidentiary hearing before a jury on the 
issue of his competency to stand trial.  We will affirm.
        On 
May 3, 2002, appellant and Juana Michelle Perry went to a bar with some friends.  
Appellant left the bar with Perry around midnight to drive her home.  They 
argued on the way to Perry’s house and, when they were about a block away, 
appellant told Perry to get out of the car and walk.  As Perry walked away 
from appellant’s car, appellant drove towards her and over the curb onto the 
sidewalk.  Perry climbed on a subdivision entrance wall to avoid being hit.  
Appellant drove at Perry a second time and she went between two houses to avoid 
him.  When a witness approached Perry to ask if she needed help, appellant 
confronted him on foot, told him to “butt out,” and tried to intimidate him 
with a pocket knife.  Before running off, appellant threatened to kill 
Perry and their one-year-old baby.  Appellant was apprehended when he 
returned to the scene of the incident.
        Appellant 
was charged with and pleaded not guilty to aggravated assault with a deadly 
weapon.  On the morning of trial, appellant informed trial counsel of his 
history of mental illness.  Counsel made an oral motion to have appellant 
examined to see if he was competent to stand trial.  The trial court denied 
the motion after questioning appellant outside the hearing of the jury, 
reviewing a report from his 1996 competency examination, and finding him 
competent to stand trial.
        Appellant 
argues that a mental health examination and an evidentiary hearing before a jury 
should have been conducted because there was some evidence that he was 
incompetent to stand trial.  The State argues that the trial court 
correctly denied appellant’s requests because appellant did not present 
evidence sufficient to create a bona fide doubt in the trial judge’s mind as 
to whether appellant then had the present ability to consult with his counsel 
with a reasonable degree of rational understanding and a rational, as well as 
factual, understanding of the proceedings against him.
        A 
defendant is presumed to be competent to stand trial.  Act of May 26, 1999, 
76th Leg., R.S., ch. 561, § 1, 1999 Tex. Gen. Laws 3092, 3093, (repealed and 
recodified without substantive change 2003) (current version at Tex. Code Crim. Proc. Ann. art. 46B.003 
(Vernon Supp. 2004-05)).  Assessment of appellant’s competency is 
governed by former article 46.02 of the code of criminal procedure.[1]  A person is incompetent to stand trial if the person 
does not have sufficient present ability to consult with his lawyer with a 
reasonable degree of rational understanding or a rational as well as factual 
understanding of the proceedings against him.  Act of May 26, 1999, 76th 
Leg., R.S., ch. 561, § 1, 1999 Tex. Gen. Laws 3092, 3092-93 (repealed and 
recodified 2003); Dusky v. United States, 362 U.S. 402, 402-03, 80 S. Ct. 
788, 789 (1960) (per curiam).
        Article 
46.02 authorizes, but does not mandate, a trial court to order a defendant to 
submit to a mental health examination.  See Act of May 29, 1975, 
64th Leg., R.S., ch. 415, § 1, 1975 Tex. Gen. Laws 1095, 1096, (repealed and 
recodified 2003) (current version at Tex. 
Code Crim. Proc. Ann. art. 46B.021 (Vernon Supp. 2004-05));[2] Valderas v. State, 134 S.W.3d 330, 334 (Tex. 
App.—Amarillo 2003, no pet.).  The trial court should base its decision 
regarding whether to order a mental health examination on the totality of the 
facts, including any prior competency examinations.  Bigby v. State, 
892 S.W.2d 864, 885 (Tex. Crim. App. 1994), cert. denied, 515 U.S. 1162 
(1995).
        Also, 
if evidence of the defendant’s incompetency is brought to the trial court’s 
attention from any source, the court must conduct an initial “competency 
inquiry” outside the jury’s presence to determine whether there is evidence 
to support a finding of incompetency to stand trial.  Act of May 18, 1977, 
65th Leg., R.S., ch. 596, § 1, 1977 Tex. Gen. Laws 1458, 1458, (repealed and 
recodified 2003) (current version at Tex. 
Code Crim. Proc. Ann. art. 46B.004 (Vernon Supp. 2004-05)); see also 
Alcott v. State, 51 S.W.3d 596, 600-01 (Tex. Crim. App. 2001) (noting that 
confusion over competency hearing evidentiary standards has resulted from 
referring to the procedures in both sections 2 and 4 of former article 46.02 as 
“hearings”).  The trial court is required to conduct a section 2(b) 
hearing if the court has a bona fide doubt[3] as to 
the defendant’s competence.  McDaniel, 98 S.W.3d at 706; Rice 
v. State, 991 S.W.2d 953, 956 (Tex. App.—Fort Worth 1999, pet. ref’d).
        If 
the court determines through the competency inquiry that there is evidence to 
support a finding of incompetency to stand trial, it must impanel a jury to 
determine whether the defendant is competent to stand trial.  Act of May 
18, 1977, 65th Leg., R.S., ch. 596, § 1, 1977 Tex. Gen. Laws 1458, 1460 
(repealed and recodified 2003) (current version at Tex. Code Crim. Proc. Ann. art. 46B.051 
(Vernon Supp. 2004-05)).  The trial court must conduct a jury hearing if, 
after considering the evidence tending to show incompetency and putting aside 
all competing indications of competency, there is some evidence to support a 
finding of incompetency.  McDaniel, 98 S.W.3d at 710; Rice, 991 
S.W.2d at 955.  Some evidence of incompetency exists if there is more than 
none or a scintilla that rationally may lead to a conclusion of incompetency.  
Sisco v. State, 599 S.W.2d 607, 613 (Tex. Crim. App. [Panel Op.] 1980).
        We 
review the trial court’s decision about whether to order a mental health 
examination or to order an evidentiary hearing before a jury under an abuse of 
discretion standard.  Bigby, 892 S.W.2d at 885 (examination); Ainsworth 
v. State, 493 S.W.2d 517, 521 (Tex. Crim. App. 1973) (hearing).  A 
trial court abuses its discretion only if its rulings are arbitrary or 
unreasonable. Montgomery v. State, 810 S.W.2d 372, 380 (Tex. Crim. App. 
1990).
        In 
the present case, appellant’s trial counsel raised the issue of his competence 
with an oral motion for an examination at the beginning of the trial.  The 
trial court then conducted a section 2(b) inquiry.  During the inquiry, the 
trial court considered competency evidence from three sources: appellant’s 
testimony, his prior competency examination, and trial counsel’s testimony.
        Appellant 
testified that he had been hospitalized for mental illness several times during 
his adolescence and primarily diagnosed as a manic depressive.  Appellant 
said he was treated with medication, which he stopped taking nine years ago.  
He spoke of a suicide attempt at age nine and a pill overdose at age eighteen.  
Furthermore, he described his mental health by saying, “[W]hen I get 
depressed, I get down.  I’m this far down you can go, lying on my bed 
crying in the middle of the night for one reason, and when I’m happy, I’m 
the nicest person in the world to be around.”  When asked about his case, 
appellant demonstrated knowledge of the offense with which he had been charged 
and its sentencing range, and the ability to communicate with his attorney.
        Appellant’s 
prior competency report indicated that he was competent, though mildly 
depressed.  The expert who made the report included appellant’s 
observation that his behavior depended on his mood and found that appellant had 
poor judgment and anger management problems.
        Appellant’s 
trial counsel testified that appellant asked her the morning of trial if she 
should be aware of him having mental problems.  She told the court that 
appellant asked for an examination.  She also expressed doubt that 
appellant had informed her of everything he needed to inform her of regarding 
the circumstances of his case.
        While 
all of this evidence tends to show that appellant underwent psychiatric 
treatment in the past, experienced anger management problems in 1996, and may 
currently suffer from manic depression, it does not prove that he is incompetent 
to stand trial.  See Porter v. State, 623 S.W.2d 374, 380 (Tex. 
Crim. App. 1981), cert. denied, 456 U.S. 965 (1982); Gilbert v. State, 
852 S.W.2d 623, 627 (Tex. App.—Amarillo 1993, no writ).  Moreover, a 
current mental illness is not determinative of mental incompetency.  Leyva 
v. State, 552 S.W.2d 158, 160-61 (Tex. Crim. App. 1977).  Though 
appellant’s statement about his current mental health may show that his manic 
depression is ongoing, it does not indicate that he lacked the present 
sufficient ability to communicate with his lawyer with a reasonable degree of 
rational understanding or a rational, as well as factual, understanding of the 
proceedings against him.  Trial counsel’s equivocal expression of her 
concerns does not rise above the scintilla threshold.  See Moore v. 
State, 999 S.W.2d 385, 394 (Tex. Crim. App. 1999) (holding that counsel’s 
unspecified allegations of difficulties in communicating with the defendant was 
not sufficient to raise the issue of defendant’s competency), cert. denied, 
530 U.S. 1216 (2000).
        We 
hold that the evidence is legally insufficient to prove that appellant was 
incompetent to stand trial.  Therefore, the trial court did not abuse its 
discretion by denying appellant’s request for a mental health examination and 
by refusing to order a competency hearing before a jury.[4]   
Accordingly, we overrule appellant’s sole point and affirm the trial court’s 
judgment.
 
 
                                                                  JOHN 
CAYCE
                                                                  CHIEF 
JUSTICE
 
  
PANEL 
A:   CAYCE, C.J.; DAUPHINOT and GARDNER, JJ.
 
DO 
NOT PUBLISH
Tex. R. App. P. 47.2(b)
 
DELIVERED: 
December 30, 2004

NOTES
1.  
Because the issue of appellant’s competence to stand trial arose before 
January 1, 2004, the effective date of chapter 46B, we assess it under article 
46.02 of the Texas Code of Criminal Procedure.  See Act of April 30, 
2003, 78th Leg., R.S., ch. 35, § 15, 2003 Tex. Gen. Laws 57, 72.
2.  
The pertinent part of the rule provides:

At any time the issue of the defendant’s incompetency to stand trial is 
raised, the court may, on its own motion or motion by the defendant, his 
counsel, or the prosecuting attorney, appoint disinterested experts experienced 
and qualified in mental health or mental retardation to examine the defendant 
with regard to his competency to stand trial and to testify at any trial or 
hearing on this issue.
 
Id. 
(emphasis supplied).
3.  
Evidence is usually sufficient to create a bona fide doubt if it shows “recent 
severe mental illness, at least moderate retardation, or truly bizarre acts by 
the defendant.”  McDaniel v. State, 98 S.W.3d 704, 710 (Tex. Crim. 
App. 2003).
4.  
This case is distinguishable from Pate v. Robinson, 383 U.S. 375, 86 S. 
Ct. 836 (1966), which appellant cites in his brief.  In Pate, the 
Supreme Court held that a defendant with a long history of mental illness 
following a childhood brain injury and characterized by bizarre behavior was 
constitutionally entitled to a hearing on the issue of his competence to stand 
trial.  Id. at 377, 86 S. Ct. at 838.