William Anthony THORNHILL,
Appellant,

v.

The STATE of Texas, State.

No. 2–95–061–CR.

Court of Appeals of Texas,
Fort Worth.

Nov. 22, 1995.

Rosendo Rodriguez, Jr., Wichita Falls, for Appellant.

Tim Cole, District Attorney, Montague, for Appellee.

Before LIVINGSTON, BRIGHAM and HOLMAN, JJ.

## OPINION

BRIGHAM, Justice.

In this case of first impression, we are called upon to determine whether a defendant is entitled to a jury trial on competency in a probation revocation proceeding as a matter of right where that probationer has previously been adjudicated competent. We find that under these facts, the probationer is entitled to a jury trial. We reverse the judgment of the trial court.

## BACKGROUND

An Archer County, Texas jury indicted William Anthony Thornhill for felony driving while intoxicated on February 1, 1993. Thornhill pleaded guilty. Punishment was assessed at incarceration for five years, but the sentence was probated for five years. The State filed a Motion to Revoke Thornhill's probation on February 28, 1994, and filed an amended motion on January 18, 1995. In both of its motions, the State alleged that Thornhill had violated a condition of his probation by driving while intoxicated.

Thornhill, on December 15, 1994, filed a Motion for Preliminary Jury Trial on the Issue of Competency to Stand Trial in Revocation of Probation Proceeding. In the motion, Thornhill stated that he had a prolonged history of severe alcoholism, suffered a fractured skull on one occasion, sustained short- and long-term memory loss, and was taking anti-seizure medication. The State responded by filing a Motion for Preliminary Hearing on Competency and a Motion to have Thornhill Examined by Disinterested Experts. The trial court held a hearing on the motions filed by Thornhill and the State and denied Thornhill's motion.

Thornhill filed his First Amended Motion to Dismiss State's First Amended Motion to Revoke Probation, and the trial court denied that motion after a hearing. The trial court then conducted a hearing on the State's mo-

tion to revoke Thornhill's probation. Thornhill's probation was revoked, and he was sentenced to confinement for five years in the Institutional Division of the Texas Department of Criminal Justice.

## THE COMPETENCY ISSUE

Attached to Thornhill's Motion for Preliminary Jury Trial on the Issue of Competency are letters from a psychologist and a psychiatrist diagnosing Thornhill as having temporal lobe epilepsy and stating that while Thornhill appears generally competent to stand trial, during epileptic periods, he would be incompetent to stand trial. The trial court, at Thornhill's request, took judicial notice of the letter during the hearing on his motion. Also during the January 18, 1995, hearing, the State introduced into evidence three exhibits,[1] all pertaining to a September 13, 1994, hearing on the issue of competency.

Thornhill relies on TEX.CODE CRIM.PROC. ANN. art. 46.02, §§ 2–4 (Vernon 1979 & Supp. 1995) in arguing that a defendant's incompetency to stand trial *shall* be determined in advance of the trial on the merits if the trial court determines there is evidence to support a finding of incompetency to stand trial on written motion by the defendant. He adds that the Code of Criminal Procedure has been interpreted as requiring trial by jury to determine competency. He further notes that a hearing on competency is required when any evidence exists to support a finding of incompetency and that "any evidence" refers to the civil standard of more than a scintilla of evidence. *Lingerfelt v. State*, 629 S.W.2d 216, 217 (Tex.App.—Dallas 1982, pet. ref'd). Thornhill also says that in determining whether there is "some evidence" of a defendant's incompetency to mandate a competency hearing, the trial court is required to consider only evidence tending to show incompetency, putting aside all competing indications of competency. *Gilbert v. State*, 852 S.W.2d 623, 626 (Tex.App.—Amarillo 1993, no pet.).

Thornhill argues that, at the January 18, 1995, hearing, the trial court "had before it considerably more evidence than a scintilla" and should have granted him a jury trial on the issue of his competency. He says that State's Exhibit 3, the statement of facts from the previous jury trial on his competency, contained testimony regarding his temporal lobe epilepsy, his history of alcoholism, his severe head trauma, and his organic brain damage. The trial court also had before it evidence of a brain scan confirming the diagnosis of temporal lobe epilepsy, the September 23, 1994, letter from Thornhill's psychiatrist and psychologist, and testimony from Deputy Ron Jeffries that Thornhill was disoriented during a January 1995, arrest. Thornhill contends that the State relied on controverting evidence from a psychiatrist who testified during the September 1994, trial and the Baylor County judgment finding him competent to stand trial in September 1994.

Thornhill asserts that during the January 1995, hearing, the State relied on arguments that he had been found competent to stand trial in Baylor County in September 1994, and that there was no new evidence since that proceeding. He points out that it is established law that a verdict of competency or incompetency is not *res judicata* of that issue. He claims that Jeffries' testimony was new evidence as to the January 1995, hearing and concludes that as long as he had timely and properly raised the issue before his revocation hearing, he was entitled to a preliminary trial on the issue of his competency.

The State argues that, although a finding of competence or incompetence is not *res judicata* of that issue, an appellant must put forth some evidence of a subsequent change in competency to complain of the denial of a second competency hearing. The State concedes that the authorities it relies upon involve criminal cases where defendants were seeking a second competency trial in the same case. *See Miles v. State*, 688 S.W.2d 219, 224 (Tex.App.—El Paso 1985, pet. ref'd);

---

1. Exhibit 1 is a certified copy of a judgment finding Thornhill competent to stand trial in Baylor County, Texas on September 13, 1994; Exhibit 2 is a certified copy of a Motion for Preliminary Jury Trial on the Issue of Competency to

Stand Trial that Thornhill filed in Baylor County; and Exhibit 3 is the statement of facts from the September 13, 1994 hearing on Thornhill's motion.

*Meraz v. State,* 714 S.W.2d 108, 115 (Tex. App.—El Paso 1986), *aff'd,* 785 S.W.2d 146 (Tex.Crim.App.1990).

We find such distinctions significant. Although we agree that a criminal defendant should not be "given a second bite at the same apple," Thornhill's assertion in Archer County of a change in his competency status occurred several months after the Baylor County proceedings. Although the State claims that Thornhill's assertion of incompetence was based upon the same claim that had previously been rejected, we note that Thornhill wished to present in Archer County evidence that the Baylor County jury had not heard: Jeffries' testimony that Thornhill was disoriented during the January 1995, arrest. Although his arrest was for public intoxication and his intoxication might have contributed to his disorientation, it is also possible that a change in his mental condition was equally responsible. Thornhill might have been attempting to raise the same *claim,* but clearly he wished to present additional *evidence* not available at the first hearing. He should have been allowed to do so. Point of error one is sustained. Because this issue does not dispose of the entire appeal, we review Thornhill's second point of error.

## THE DOUBLE JEOPARDY ISSUE

■ Thornhill next complains that the trial court erred in denying his Motion to Dismiss the State's Motion to Revoke Probation. The State's motion was based on Thornhill's September 7, 1993, conviction for felony driving while intoxicated. Thornhill's conviction for driving while intoxicated occurred on the afternoon of September 7, 1993, several hours after he was convicted for the misdemeanor offense of driving while his license was suspended. Thornhill contends that because the conviction for driving while intoxicated arose from the same incident as the misdemeanor offense, it violated his protection against double jeopardy under the Texas Constitution.

We note that the United States Supreme Court has since rejected the "same evidence" or "same conduct" test enunciated in *Grady v. Corbin,* 495 U.S. 508, 110 S.Ct. 2084, 109 L.Ed.2d 548 (1990). *United States v. Dixon,* — U.S. ——, 113 S.Ct. 2849, 125 L.Ed.2d 556 (1993). After *Dixon* overruled *Grady,* Texas courts returned to the *Blockburger*[2] test and determined that the Texas double jeopardy provisions do not provide an expanded right. *Parrish v. State,* 889 S.W.2d 658, 661 (Tex.App.—Houston [14th Dist.] 1994, pet. ref'd); *Ex parte Lowery,* 886 S.W.2d 827, 828 (Tex.App.—Dallas 1994, pet. ref'd).

The *Blockburger* test requires us to examine the elements of the two offenses to determine whether each requires proof of an additional element that the other does not. *Blockburger v. United States,* 284 U.S. 299, 304, 52 S.Ct. 180, 182, 76 L.Ed. 306, 309 (1932).

A person commits the offense of driving while intoxicated if that person is intoxicated while driving or operating a motor vehicle in a public place.[3] To be convicted of driving while a license is suspended, a person must operate or drive a motor vehicle at a time when his license is suspended.[4] The offenses each contain an element of proof not common to the other. Successive convictions of both offenses are not barred by double jeopardy. As a result, it was not error for the trial court to deny Thornhill's motion to dismiss the State's motion to revoke his probation. Point of error two is overruled.

The judgment of the trial court is reversed, and this cause of action is remanded to the trial court for further proceedings in accord with this opinion.

---

**2.** *Blockburger v. United States,* 284 U.S. 299, 304, 52 S.Ct. 180, 182, 76 L.Ed. 306, 309 (1932).

**3.** Tex.Rev.Civ.Stat.Ann. art. 6701*l*–1(b) (Vernon Supp.1993). *See* Act of May 27, 1983, 68th Leg., R.S., ch. 303, § 3, 1983 Tex.Gen.Laws 1568, 1574, *amended by* Act of May 29, 1993, 73rd Leg., R.S., ch. 900, § 1.01, 1993 Tex.Gen.Laws 3586, 3697 (current version at Tex. Penal Code Ann. § 49.04 (Vernon 1994).

**4.** Act of May 26, 1987, 70th Leg., R.S. ch. 922, § 2, 1987 Tex. Gen. Laws 3111, 3112 (current version at Tex.Rev.Civ.Stat.Ann. art. 6701h, § 32(c) (Vernon Supp.1995).