Paul Harold RICE, Appellant,

v.

The STATE of Texas, State.

Nos. 2–98–390–CR, 2–98–391–CR.

Court of Appeals of Texas,
Fort Worth.

Rehearing Overruled June 24, 1999.

May 27, 1999.

954

Thomas M. McMurray, Denton, for Appellant.

Bruce Isaacks, Criminal District Attorney, Gregory P. Propes, Assistant District Attorney, Heather Rattan, Assistant District Attorney, Earl Dobson, Assistant District Attorney, Michael Moore, Assistant District Attorney, Matthew Paul, State Prosecuting Attorney, Denton, for Appellee.

Panel A: CAYCE, C.J.; LIVINGSTON and HOLMAN, JJ.

## OPINION

TERRIE LIVINGSTON, Justice.

In a single point, appellant Paul Harold Rice contends the trial court abused its discretion by failing to conduct a hearing, sua sponte, as to his competency to stand trial. Because the evidence did not raise a bona fide doubt as to appellant's competency, we affirm.

## BACKGROUND

On January 6, 1995, appellant pleaded guilty to, and was adjudged guilty of, two charges of aggravated assault and one charge of delivery of a controlled substance. Pursuant to a plea bargain, appellant received ten years' community supervision.

During appellant's community supervision, he worked for an industrial cleaning company. There, he was exposed to toxic chemicals. Due to his exposure, appellant developed several neurological disorders. Among the most significant was "toxic metabolic encephalopathy." This condition is characterized by seizures, memory loss, and "cognitive deficits." Appellant's condition rendered him 100% disabled under the Workers Compensation Act.

On August 14, 1997, the State moved to revoke appellant's community supervision. On February 26, 1998, the State amended its motion to revoke. In the amended motion, the State alleged appellant failed to (1) meet with his community supervision officer, (2) pay administrative fees, (3) permit his community supervision officer to visit him at home, (4) pay a fine, (5) notify the department of any change in his address, (6) pay restitution, and (7) complete community service. On July 30, 1998, appellant pleaded true to failing to meet with his community supervision officer, and pleaded not true or an affirmative defense to all other counts. Appellant's community supervision was revoked, and he was sentenced to ten years' confinement.

## DISCUSSION

Appellant contends the trial court erred in failing to hold a hearing to determine his competency at the revocation hearing. Appellant argues that sufficient evidence was presented to raise the question of whether he was competent to stand trial, and that the trial court was required to halt the proceedings, inquire into his competency, and impanel a jury to decide the issue. To support his argument, appellant points to his mental disorder, workers' compensation disability, and physicians' letters.

Specifically, appellant argues that in deciding to hold the hearing, "the trial court [was] to assay just that evidence tending to show incompetency, *putting aside all competing indications of competency,* to find whether there is some evidence, a quantity more than none or a scintilla, that rationally may lead to a conclusion of incompetence." *Sisco v. State,* 599 S.W.2d 607, 613 (Tex.Crim.App. [Panel

Op.] 1980) (emphasis added). We disagree because the *Sisco* standard is not applicable in this instance.

There are several stages in determining an accused's competency to stand trial. *See Hatten v. State*, 978 S.W.2d 608, 610 (Tex.App.—Corpus Christi 1998, no pet.); *Brown v. State*, 960 S.W.2d 772, 774 (Tex. App.—Dallas 1997, pet. ref'd). Each step is guided by a different standard or test. *Compare Collier v. State*, 959 S.W.2d 621, 625 (Tex.Crim.App.1997), *cert. denied,* —— U.S. ——, 119 S.Ct. 335, 142 L.Ed.2d 276 (1998) (must raise a bona fide doubt as to competency to obtain hearing), *with Sisco,* 599 S.W.2d at 613 (at the hearing, regardless of competing evidence of competency, presentation of more than a scintilla of evidence requires impaneling a jury).

◼ The first step requires that the trial court be made aware there is some doubt as to the accused's competency. *See Collier,* 959 S.W.2d at 625; *Brown,* 960 S.W.2d at 774. This may be done pretrial by motion or during trial by presentation of any evidence that would raise a bona fide doubt as to the accused's competency including the court's observations of the accused. *See* TEX.CODE CRIM. PROC. ANN. art. 46.02, § 2(a), (b) (Vernon 1979); *Brown,* 960 S.W.2d at 774. In fact, it is of little importance how the issued is raised. *See Townsend v. State,* 427 S.W.2d 55, 63 (Tex.Crim.App.1968). Once raised, the second step *requires* the court to conduct a hearing to determine whether any evidence exists that may rationally lead to a conclusion of incompetency pursuant to Texas Code of Criminal Procedure article 46.02, section 2. TEX.CODE CRIM. PROC. ANN. art. 46.02, § 2(b). In step three, if any evidence of incompetency is presented during the hearing, regardless of contrary evidence, the court must impanel a separate jury to decide the accused's competency. *See id.; Sisco,* 599 S.W.2d at 613. In the fourth and final step, a jury, based on a preponderance of the evidence, determines whether an accused is competent to

stand trial. *See* TEX.CODE CRIM. PROC. ANN. art. 46.02, § 2(b).

The *Sisco* standard, advanced by appellant, is used when "determining after hearing ... whether 'there is evidence to support a finding of incompetency to stand trial.'" *Sisco,* 599 S.W.2d at 613. In other words, the *Sisco* standard only applies to a court's decision whether to impanel a jury *after* the section 2 hearing has occurred, *not* the court's decision to conduct a section 2 hearing. Because the court did not conduct a hearing, the "bona fide doubt" standard, not the *Sisco* standard, applies. *Cf. Moore v. State,* No. 72,638, slip op. at 4–6, —— S.W.2d ——, —— —— ——, 1999 WL 233918, at *2–3 (Tex.Crim. App. Apr. 21, 1999).

Appellant also argues that this case is factually indistinguishable from this court's decision in *Thornhill v. State* that ordered a jury trial on competency. *Thornhill v. State,* 910 S.W.2d 653 (Tex.App.—Fort Worth 1995, pet. ref'd). Notwithstanding his assertion, the question before us is whether the trial court should have conducted the initial section 2 hearing, not whether the court should have impaneled a jury to determine appellant's competency. *Thornhill* deals only with whether the trial court should have impaneled a jury; thus, it is inapplicable to this case.

◼ Having determined the appropriate standard, we now address the merits of appellant's claim. Without question, conviction of an accused who is legally incompetent to stand trial violates due process of law. *See Pate v. Robinson,* 383 U.S. 375, 378, 86 S.Ct. 836, 839, 15 L.Ed.2d 815 (1966); *Bonner v. State,* 520 S.W.2d 901, 905 (Tex.Crim.App.1975); *Thompson v. State,* 915 S.W.2d 897, 901 (Tex.App.— Houston [1 st Dist.] 1996, pet. ref'd). Once an issue of incompetency arises, a separate hearing for determination of competency is required to meet due process demands. *See Townsend,* 427 S.W.2d at 57.

◼ Whether incompetency exists at the time of trial is left to the discretion of

the trial judge. *See Ainsworth v. State,* 493 S.W.2d 517, 521 (Tex.Crim.App.1973); *Thompson,* 915 S.W.2d at 901. Therefore, to determine whether the trial court erred in not conducting a competency hearing, we review the trial court's decision under an abuse of discretion standard. *See Thompson,* 915 S.W.2d at 901.

Pretrial assertions of incompetency may be made by the accused, his counsel, or by the court. *See* TEX.CODE CRIM. PROC. ANN. art. 46.02, § 2(a). Here, neither appellant nor his counsel raised the issue of incompetency pretrial. Similarly, there was no request for a separate proceeding to determine the issue during trial. Instead, appellant claims on appeal for the first time that the court should have halted the proceedings and conducted a competency hearing sua sponte.

Article 46.02, section 2(b) provides:

> If during the trial evidence of the defendant's incompetency is brought to the attention of the court from any source, the court must conduct a hearing out of the presence of the jury to determine whether or not there is evidence to support a finding of incompetency to stand trial.

*Id.*

▆▆▆ To trigger a section 2 hearing, the evidence must sufficiently create a bona fide doubt in the mind of the court whether the defendant meets the test of legal competence. *See Collier,* 959 S.W.2d at 625. The test of legal competence to stand trial is whether the defendant has the *present* ability to consult with his lawyer with a reasonable degree of rational understanding and has a rational as well as factual understanding of the proceedings against him. *See* TEX.CODE CRIM. PROC. ANN. art. 46.02, § 1(a) (Vernon 1979); *Barber v. State,* 737 S.W.2d 824, 828 (Tex. Crim.App.1987), *cert. denied,* 489 U.S. 1091, 109 S.Ct. 1559, 103 L.Ed.2d 861 (1989); *Thompson,* 915 S.W.2d at 901–02.

▆▆▆ Generally, a bona fide doubt about a defendant's legal competence is raised only if the evidence indicates recent severe mental illness, moderate mental retardation, or truly bizarre acts by the defendant. *See Collier,* 959 S.W.2d at 625. The courts of this state have consistently maintained that the test is not whether the accused labored under some mental, behavioral, or psychological impairment; rather, the critical inquiry is whether the accused had the ability to consult with his attorney with a reasonable degree of rational understanding and had a rational as well as factual understanding of the proceedings against him. *See Porter v. State,* 623 S.W.2d 374, 380 (Tex.Crim.App.1981), *cert. denied,* 456 U.S. 965, 102 S.Ct. 2046, 72 L.Ed.2d 491 (1982) (evidence of earlier psychological problems not enough to show defendant incompetent to stand trial); *Leyva v. State,* 552 S.W.2d 158, 160 (Tex. Crim.App.1977) (even judicial determination that a person is mentally ill is not determination of mental incompetency); *Culley v. State,* 505 S.W.2d 567, 569 (Tex. Crim.App.1974) (testimony that defendant had learning disabilities and was in special education classes did not raise issue of competency to stand trial); *Valdes–Fuerte v. State,* 892 S.W.2d 103, 108 (Tex.App.— San Antonio 1994, no pet.) (evidence of person's mental status at time of offense not evidence of incompetency to stand trial); *Francis v. State,* 877 S.W.2d 441, 445 (Tex.App.—Austin 1994, pet. ref'd) (per curiam) (disruptive behavior in courtroom not itself evidence of incompetence to stand trial); *Ortiz v. State,* 866 S.W.2d 312, 316 (Tex.App.—Houston [14th Dist.] 1993, pet. ref'd) (evidence of learning disabilities alone not sufficient to show defendant incompetent to stand trial); *Gilbert v. State,* 852 S.W.2d 623, 627 (Tex.App.—Amarillo 1993, no pet.) (fact that defendant had been treated by psychiatrist not evidence of incompetency to stand trial); *Koehler v. State,* 830 S.W.2d 665, 666–67 (Tex.App.— San Antonio 1992, no pet.) (judicial determination that person incompetent to handle own affairs not evidence of incompetency to stand trial); *O'Neil v. State,* 642

S.W.2d 259, 260 (Tex.App.—Houston [14 th Dist.] 1982, no pet.) (characterization of defendant as having "mental problem" and being "crazy" did not relate to statutory test of incompetency).

■ Competence is presumed; therefore, appellant had the burden of showing he was incompetent at the time of his revocation hearing. *See* TEX.CODE CRIM. PROC. ANN. art. 46.02, § 1(b); *Brown,* 960 S.W.2d at 777. A trial court may rely upon personal observations, known facts, evidence presented, motions, affidavits, or any reasonable claim or credible source creating a bona fide doubt of the defendant's competency to stand trial. *See Townsend,* 427 S.W.2d at 63.

### EVIDENCE OF COMPETENCE

■ Prior to the presentment of evidence, appellant responded to the court's questioning. He stated that he had conferred with his attorney regarding the State's motion to revoke his community supervision and understood the charges against him. At the revocation hearing, appellant acknowledged that he understood his rights, but chose to waive them. He stated that he understood the charges against him, and pleaded true to his failure to report. When asked what he wanted the court to do, appellant requested a second chance "to do [community supervision] right." He stated, "I know I can be responsible for whatever the Court asked [sic] me to do."

Appellant also pleaded an affirmative defense, based on his disorder, to many of the State's allegations. Appellant stated that he was under a doctor's on-going care due to his exposure to hazardous chemicals. Among his symptoms were: insomnia, headaches, shortness of breath, tingling in his extremities, ulcers, and memory loss. He attributed his inability to work to his failure to pay fines, restitution, and fees. Additionally, he ascribed his failure to report to his memory loss.

■ The State offered the testimony of Linda Roberson, a community supervision officer for Denton County. She testified that appellant's file indicated that he had undergone a psychological evaluation, but based on appellant's file, she could not determine whether appellant was mentally impaired. The fact that an accused has been treated for psychological disorders does not constitute evidence that the defendant is presently incompetent to stand trial. *See Gilbert,* 852 S.W.2d at 627.

Finally, the record does not contain appellant's medical records, but it does contain letters by appellant's physicians. At appellant's request, the trial court took judicial notice of those letters. Without exception, these letters demonstrate that (1) appellant's condition was irreversible, (2) appellant suffered from significant physical and mental impairments, and (3) appellant was completely disabled under the workers' compensation laws. Unfortunately for appellant, none of these letters raises the issue of his competency.

In one letter, Dr. Hubert Gibson referred to appellant as 100% disabled from dementia. However, Dr. Gibson's letter clearly shows that he did not diagnose appellant with dementia. Rather, the letter shows that Dr. Marable, and not Dr. Gibson, had diagnosed appellant's dementia.

Dr. Marable's letters are nearly devoid of any mention of dementia. There is no indication of the extent, duration, or severity of appellant's disorder. In fact, although Dr. Marable indicated that appellant suffered dementia, he stated that appellant was alert and oriented. More importantly though, the letters do not address whether appellant was able to consult with his attorney with a reasonable degree of rational understanding, nor do they indicate that he lacked a rational as well as factual understanding of the proceedings against him.

In short, although appellant presented considerable evidence of his psychological difficulties arising from his condition, none

of the evidence raised any concern that, when he appeared at the hearing on the motion to revoke his community supervision, he did not have either (1) sufficient present ability to consult with his attorney with a reasonable degree of rational understanding or (2) a rational as well as a factual understanding of the proceedings against him.[1] Based on a complete review of the record, nothing in appellant's responses raised a bona fide doubt as to his competence to stand trial. *See Brown*, 960 S.W.2d at 776. There is no evidence indicating that appellant was unable to consult with his attorney with a reasonable degree of rational understanding. Appellant's testimony also does not show that he lacked a rational or factual understanding of the proceedings against him. While appellant's testimony paints a picture of an extremely sick individual, it does not raise a bona fide doubt that he was legally competent to stand trial. *See Brown*, 960 S.W.2d

at 777. We conclude the evidence available to the trial court during the plea hearing did not raise a bona fide doubt as to his competency so as to require the trial court to conduct the threshold section 2 hearing. Accordingly, we overrule appellant's point.

## CONCLUSION

Because the evidence did not raise a bona fide doubt regarding appellant's competency to stand trial, the trial court did not abuse its discretion in failing to conduct a hearing on that issue. We affirm the trial court's judgment.

---

1. In addition, appellant's attorney did not complain of any inability to communicate with appellant. If he had done so, those complaints were required to be specific and illustrative of a present inability to communicate with the accused. *See Moore v. State*, No. 72,638, slip op. at 4–6, at ———————, 1999 WL 233918, at *2–3.