In The



Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-01-371 CR


____________________



CHARLES MATTHEW FARMER, Appellant



V.



THE STATE OF TEXAS, Appellee






On Appeal from the 163rd District Court


Orange County, Texas


Trial Cause No. B-980,336-R






MEMORANDUM OPINION


 A jury convicted Charles Matthew Farmer of burglary of a habitation and sentenced
him to ninety-nine years' confinement in the Institutional Division of the Texas Department
of Criminal Justice. Farmer raises three issues on appeal.

 First, Farmer claims the trial court's failure to hold a competency inquiry deprived
him of his right to due process. Farmer stated at a pretrial hearing that he had previously
been on medication under the care of Charter Hospital and a psychiatrist while trying to
"get off of alcohol and drugs," had been misdiagnosed a year earlier at MHMR and given
"26 different kinds of psychotic medications." At the sentencing phase of his trial, Farmer
testified he has taken psychiatric medications since 1991, and was an alcoholic and drug
addict. Farmer argues this amounted to "some evidence" of his incompetency to stand
trial so as to trigger a competency inquiry by the trial court.

 The pretrial hearing at which Farmer testified was conducted pursuant to a motion
for a continuance, which was granted. Farmer first raised his prior hospitalization and
addictions in regards to his prior convictions. Trial counsel indicated that Farmer told him
only that morning that he (Farmer) had mental problems in the past. Farmer then testified
to entering Charter of his own accord in 1991 and that "[s]omehow probation got
involved" and he was sent to MHMR. 

 To trigger a hearing, the evidence must be sufficient to create a bona fide doubt in
the mind of the court whether the defendant meets the test of legal competence. See Tex.
Code Crim. Proc. Ann. art. 46.02, § 2(b) (Vernon 1979); Mata v. State, 632 S.W.2d
355, 357-358 (Tex. Crim. App. 1982). "The test of legal competence to stand trial is
whether the defendant has the present ability to consult with his lawyer with a reasonable
degree of rational understanding and has a rational as well as factual understanding of the
proceedings against him. . . . Generally, there must be evidence of recent severe mental
illness or bizarre acts by the defendant or of moderate retardation." See Thompson v.
State, 915 S.W.2d 897, 901-02 (Tex. App.--Houston [1st Dist.] 1996, pet. ref'd).

 The record does not demonstrate Farmer was unable to consult with his attorney or 
lacked understanding of the proceedings against him. See Rice v. State, 991 S.W.2d 953,
958-59 (Tex. App.--Fort Worth 1999, pet. ref'd). There is no evidence of recent mental
illness or bizarre acts by Farmer. The evidence available to the trial court did not raise
a bona fide doubt as to Farmer's competency so as to require the trial court to conduct the
threshold section 2 hearing. Accordingly, issue one is overruled.

 Farmer next contends he was denied effective assistance of counsel and notes
various deficiencies. First, that trial counsel failed to object to the complaining witness'
testimony, "even though the testimony was vague and equivocal." The testimony
referenced is set forth below: 

 Q. [State] Okay. And the person that you saw in your driveway that you had
the conversation with who said, "I'm still looking for 3300 Allie
Payne," that's the same person who was in your mother's driveway
a few moments earlier?


 A. [Witness] I think it was. It was the same car. The man was in his car again,
but it was -- it looked to me to be the same person.


 . . . .


 Q. [State] All right. And for the ladies and gentlemen of the jury, tell them
what they're looking at if they were to look on State's Exhibit 11,
which, I think, is a door.

 A. [Witness] Yes. This is the door to my kitchen facing on the north side of the
kitchen, which faces west at my house, and it's standing open in this
picture. I believe it might have been the way the burglar got into my
house the night that the TV and VCR were stolen, and I think that the
front door was the way he got out.


Appellate counsel does not inform this court what objection should have been made to the
complaining witness' testimony, no argument is made that any objection would have been
successful, and no harm analysis is conducted. While the testimony does contain some
speculation, it could be acceptable trial strategy to permit the witness to testify and then
cross-examine her on the uncertainty of her testimony. In the absence of an evidentiary
hearing in which counsel was called upon to explain his actions, we cannot presume
otherwise. See Jones v. State, 37 S.W.3d 552, 554 (Tex. App.--Beaumont 2001, no pet.).

 Farmer contends trial counsel erred in several respects regarding the complaining
witness' identification: that counsel failed to object to the introduction of State's exhibits
1, 7 and 8; trial counsel failed to move to suppress the photographic line-up identification;
and trial counsel failed to move to suppress the eyewitness identification. State's exhibit
1 is the first photographic line-up the complaining witness was shown. She was unable to
pick a suspect out of that array. State's exhibit 7 is the second photographic line-up the
complaining witness was shown and she picked the defendant out. State's exhibit 8 is a
copy of State's Exhibit 7. 

 Appellate counsel does not identify any basis for excluding the exhibits so as to
render trial counsel's failure to object erroneous. Appellate counsel asserts the
introduction of State's exhibit 7 "allowed the state to reinforce evidence submitted by it." 
No harm is alleged from the cumulative effect of introducing the original after a copy was
admitted. Likewise, appellate counsel offers no legal theory for suppressing the
identification, only noting that the complaining witness could not pick anyone out of the
first line-up she was shown and there was an issue concerning her ability to identify the
man she saw at her home. Appellate counsel's only argument is that a hearing on the
motion to suppress would have provided material for cross-examination and possibly led
to suppression of the identification. No authority is cited in support of this speculation. 
There having been no showing that a motion to suppress was even arguable, we cannot say
trial counsel erred in failing to file such a motion.

 The same is true of trial counsel's failure to object to the introduction of State's
exhibit 3, Farmer's statement, or move to suppress it. Again, appellate counsel does not
offer any basis for exclusion of the statement and no authority in support of his contention
that trial counsel erred. Considering the exculpatory nature of the statement, we cannot
say there was no reasonable trial strategy employed.

 Farmer also complains trial counsel allowed him to take the stand, where he made
statements injurious to himself. The statement referenced is an admission that Farmer had
been arrested for driving while intoxicated. During cross-examination, Farmer said the
statement given to police was taken "three hours after I was put in a holding cell for
D.W.I." The entirety of appellate counsel's argument is "if counsel had not put [Farmer]
on the stand, damaging testimony would not have been before the jury, it might not have
sentenced [Farmer] to the maximum." There is no contention, and no evidence in the
record, that it was trial counsel's decision, or even recommendation, that Farmer take the
stand. Appellate counsel cites no authority, and we are aware of none, supporting his
assertion that trial counsel could have prevented the defendant from testifying in his own
defense and erred in not doing so.

 Farmer further contends trial counsel erred in failing to object to the testimony of
Roxanne Duggan and Charles Duggan. Farmer argues both were accomplices and
therefore their testimony was required to be verified by other evidence and a jury
instruction should have been sought on accomplice witness testimony. Again, no authority
is cited in support. Farmer's brief does not explain how Roxanne and Charles aided
Farmer in the commission of the offense. It appears from the record that it could have
been trial strategy to suggest Charles as the culprit, rather than an accomplice. This is not
an unreasonable strategy as naming accomplices and including a jury instruction to that
effect would, at the very least, imply an admission on the part of Farmer. Accordingly,
we cannot say trial counsel erred in failing to object to the Duggans' testimony.

 Farmer also complains that during the punishment phase, trial counsel failed to
object when the State introduced evidence of his prior convictions during the punishment
phase. A stipulation of Farmer's prior convictions was introduced into evidence as State's
exhibit 14. Also introduced into evidence was State's exhibit 15, further evidence of two
of those convictions. It is apparently State's exhibit 15 to which appellate counsel contends
trial counsel should have objected. However, no argument is made, and no authority cited,
that the evidence was inadmissible. We note that under Tex. Code Crim. Proc. Ann. art.
37.07, § 3(a)(1) (Vernon Supp. 2003), during the punishment phase of a trial evidence may
be offered as to any matter the trial court deems relevant. See Ellison v. State, 86 S.W.3d
226, 227 (Tex. Crim. App. 2002).

 Farmer also claims trial counsel erred in failing to object to the admission of a prior
misdemeanor conviction. Farmer contends because the conduct occurred before January
1, 1996, it was not admissible. We agree. See Tex. Code Crim. Proc. Ann. art. 37.07,
§ 3(i) (Vernon Supp. 2003). Accordingly, trial counsel should have objected. However,
there is no showing, or even argument, as to "whether there is a reasonable probability
that but for counsel's deficient performance, the result of the proceeding would have been
different." Considering Farmer's two prior felony convictions, we cannot say trial
counsel's omission led to a different result. For all of the above reasons, issue two is
overruled.

 Farmer's final issue argues he was deprived of his constitutional right to be heard
by the trial court. The record reflects that after voir dire, before the jury was seated and
sworn, Farmer wished to move for a continuance. Trial counsel would not join in that
motion and the trial court refused to consider it stating "[b]ecause you have a lawyer
representing you, I'm not going to receive pro se motions from you." Appellate counsel
contends the trial court and trial counsel thereby deprived Farmer of his constitutional right
to be heard. Appellate counsel offers no explanation as to how the error, if any,
contributed to the conviction or punishment. Issue three is overruled.

 The judgment of the trial court is AFFIRMED.

 PER CURIAM


Submitted on January 30, 2003 

Opinion Delivered February 12, 2003

Do not publish


Before McKeithen, C.J., Burgess, and Gaultney, JJ.