Criminal Case Template



COURT OF APPEALS

EIGHTH DISTRICT OF TEXAS

EL PASO, TEXAS



RODRIGO ORTIZ VALENZUELA,


 Appellant,


v.


THE STATE OF TEXAS,


 Appellee.

§


§


§


§


§

No. 08-02-00183-CR


Appeal from the


238th District Court



of Midland County, Texas


(TC# CR26206)


MEMORANDUM OPINION


 Rodrigo Ortiz Valenzuela pleaded guilty to aggravated sexual assault of a child
and was sentenced by the court to ten years in prison. Valenzuela appeals, raising four
points of error. We affirm in part and vacate in part.

Conviction on Dismissed Count

 Valenzuela was indicted on two counts of aggravated sexual assault of a child. 
The first count alleged that he assaulted the thirteen-year-old daughter of his live-in
girlfriend in July 2000, and the second count alleged that he assaulted her in February
2000. In February 2001, the court granted the State's motion to dismiss the second count. 
On April 2, 2002, Valenzuela appeared in court and pleaded guilty, without a plea
agreement, to both counts of the indictment. The court convicted him of both counts.

 In his first point of error, Valenzuela argues that the trial court lacked jurisdiction
to convict him under the second count of the indictment because that count had
previously been dismissed. In his second point of error, he argues that his trial attorneys
were ineffective in failing to object when the trial court convicted him of the second
count. The State concedes that the judgment convicting Valenzuela of the second count
should be vacated.

 When a court grants a motion to dismiss, the court no longer has jurisdiction to
convict the defendant of the dismissed charge. Smith v. State, 801 S.W.2d 629, 631 (Tex.
App.--Dallas 1991, no pet.). We therefore sustain Valenzuela's first point of error. 
Because of our disposition of the first point, we find it unnecessary to consider his second
point.

Competency

 In his third point of error, Valenzuela argues that the trial court erred by failing to
make a sua sponte inquiry into his competency.

 A defendant is incompetent to stand trial if he does not have either: (1) sufficient
present ability to consult with his lawyer with a reasonable degree of rational
understanding, or (2) a rational and factual understanding of the proceedings against him. 
Tex. Code Crim. Proc. Ann. art. 46.02, § 1A(a) (Vernon Supp. 2003). If evidence of
the defendant's incompetency is brought to the attention of the court, the court must
conduct a competency inquiry to determine whether there is evidence to support a finding
of incompetency to stand trial. Id. § 2(b) (Vernon 1979); McDaniel v. State, 98 S.W.3d
704, 710 & n.16 (Tex. Crim. App. 2003). A competency inquiry is required only if the
evidence brought to the court's attention raises a bona fide doubt about the defendant's
competency. McDaniel, 98 S.W.3d at 710. "Evidence is usually sufficient to create a
bona fide doubt if it shows 'recent severe mental illness, at least moderate retardation, or
truly bizarre acts by the defendant.'" Id. (quoting Alcott v. State, 51 S.W.3d 596, 602
(Tex. Crim. App. 2001)). We review a court's failure to conduct a competency inquiry
under an abuse of discretion standard. Rice v. State, 991 S.W.2d 953, 957 (Tex. App.--Fort Worth 1999, pet. ref'd); see also McDaniel, 98 S.W.3d at 713 & n.28 (stating that a
trial court's factual findings regarding competency are entitled to great deference).

 Before the plea and punishment hearing, the trial court granted Valenzuela's
request for a psychiatric evaluation. The psychiatrist noted in his report that the history
provided by Valenzuela "was very confusing and unreliable and at times contradictory." 
Valenzuela told the psychiatrist that he and the thirteen-year-old victim had consensual
sex and that he did not believe he did anything wrong. But based on his discussion with
Valenzuela, the psychiatrist concluded that "it was obvious that he has some
understanding that these type[s] of relationships are not normal and appropriate." 
Valenzuela informed the psychiatrist that he was "slow" and that the highest grade he
completed was the sixth grade. Valenzuela had no history of psychiatric disorders, but he
experienced anxiety and depression after he was incarcerated. The psychiatrist concluded
that Valenzuela is competent and not mentally retarded.

 Valenzuela had two attorneys at the plea and punishment hearing. At the
beginning of the hearing, Valenzuela's primary attorney, Mr. Williams, stated that he
believed Valenzuela was competent. Valenzuela indicated to the court that he understood
the nature of the proceedings. Valenzuela testified that the victim instigated sex with
him, that it was consensual, that where he is from in Mexico it is very common for
thirteen-year-old girls to have sex, and that he did not believe it was wrong "[b]ecause in
Mexico that's the way it is." The victim testified that she did not instigate sex and did not
want to have sex with Valenzuela.

 Valenzuela's interpreter testified that in her opinion, Valenzuela is "very slow"
and that he seemed to have trouble remembering things.

 Mr. Davis gave the closing argument for Valenzuela. He stated that he advised
Valenzuela that in order to get probation he should admit that what he did was wrong. 
Valenzuela refused to admit he did anything wrong, but nevertheless wanted his attorneys
to get him probation. Mr. Davis stated, "And basically we said, 'We really can't do that 
. . . .' And our conclusion after almost two years is he didn't understand us, and he still
doesn't understand us."

 From this review of the record, we conclude that the trial court did not abuse its
discretion in failing to conduct a sua sponte competency inquiry. Nothing in the
psychiatrist's report or in the plea and punishment proceedings raised a bona fide doubt
about Valenzuela's competency. There is no evidence of a recent severe mental illness, 
moderate retardation, or bizarre acts. And the court could have inferred from
Valenzuela's testimony and demeanor at the hearing that he understood what he was
charged with and had the ability to consult with his attorneys. See McDaniel, 98 S.W.3d
at 712 (noting that a defendant's clear and lucid testimony has often been viewed as
important in determining that he is competent to stand trial). Valenzuela's third point of
error is overruled.

 Speedy Trial


 In his fourth point of error, Valenzuela argues that his right to a speedy trial was
violated. We analyze state and federal speedy trial issues using the four-factor balancing
test established by the United States Supreme Court in Barker v. Wingo, 407 U.S. 514, 92
S.Ct. 2182, 33 L.Ed.2d 101 (1972). See Zamorano v. State, 84 S.W.3d 643, 648 (Tex.
Crim. App. 2002). The four factors are: (1) the length of the delay; (2) the reason for the
delay; (3) the defendant's assertion of the right to a speedy trial; and (4) the prejudice to
the defendant resulting from the delay. Barker, 407 U.S. at 530, 92 S.Ct. at 2192. We
apply a bifurcated standard of review: an abuse of discretion standard for the factual
components, and a de novo standard for the legal components. Zamorano, 84 S.W.3d at
648.


Length of Delay

 The length-of-delay factor serves as a triggering mechanism. Dragoo v. State, 96
S.W.3d 308, 313 (Tex. Crim. App. 2003). A speedy trial claim will not be considered
until passage of a time that is unreasonable. Id. In general, courts have deemed delay
approaching one year to be unreasonable enough to trigger consideration of all the Barker
factors. Id. at 314.

 Valenzuela was incarcerated in August 2000. The plea and punishment hearings
were held on April 2, 2002. This is sufficient to trigger consideration of the remaining
factors.

Reason for Delay

 Different weights are assigned to different reasons for delay. Barker, 407 U.S. at
531, 92 S.Ct. at 2192. A deliberate attempt to delay trial to hamper the defense is
weighed heavily against the State. Id., 92 S.Ct. at 2192. More neutral reasons, such as
negligence or crowded dockets is also weighed against the State, but less heavily than
deliberate delay. Id., 92 S.Ct. at 2192. Valid reasons, such as a delay caused by plea
negotiations, are not weighed against the State at all. Id., 92 S.Ct. at 2192; State v.
Munoz, 991 S.W.2d 818, 824 (Tex. Crim. App. 1999). When the record is silent as to the
reason for the delay, we may presume neither a valid reason nor a deliberate attempt to
prejudice the defense. Dragoo, 96 S.W.3d at 314. Therefore, when the record is silent,
the reason-for-delay factor weighs against the State, but not heavily. Id.

 There is no evidence of deliberate delay in this case. It appears that there was
some initial delay because of a crowded docket and because of plea negotiations. The
case was originally set for trial on January 8, 2001. Nine cases with lower docket
numbers were also set on that date. The case was reset for February 20, 2001. On
February 7, 2001, the parties signed a plea agreement, and the case was later set for a plea
hearing on April 5, 2001.

 This plea hearing was apparently not held. On April 16, 2001, Valenzuela filed a
motion for a psychiatric examination. A hearing on Valenzuela's pretrial motions was set
for May 9, 2001. The case was again set for trial on July 9, 2001, along with four cases
with lower docket numbers. The record does not reveal what happened in the case
between July 2001 and January 2002. On January 9, 2002, the court granted Valenzuela's
motion for a psychiatric examination, and the psychiatrist's report was filed with the court
on February 22, 2002. Valenzuela concedes that time related to securing the psychiatric
evaluation should not be weighed against the State.

Assertion of Right

 The defendant's assertion of his right to a speedy trial is entitled to strong
evidentiary weight in determining whether he has been deprived of the right. Barker, 407
U.S. at 531-32, 92 S.Ct. at 2192-93. Failure to assert the right will make it difficult for a
defendant to prove that he was denied a speedy trial. Id. at 532, 92 S.Ct. at 2193. 
Seeking a dismissal, rather than a trial, may also attenuate the strength of a speedy trial
claim. Phillips v. State, 650 S.W.2d 396, 401 (Tex. Crim. App. 1983).

 On March 22, 2002--almost twenty months after he was incarcerated--Valenzuela
filed a "Motion for Dismissal or Alternative Relief." In this motion he prayed that the
"charges be dismissed . . . or, in the alternative, that a speedy trial be granted."

Prejudice

 Prejudice is assessed in light of the three interests a speedy trial is designed to
protect: (1) preventing oppressive pretrial incarceration; (2) minimizing anxiety and
concern of the accused; and (3) limiting the possibility that the defense will be impaired. 
Barker, 407 U.S. at 532, 92 S.Ct. at 2193. Of these three, the most serious is the last,
because the inability of the defendant to prepare a defense skews the fairness of the entire
system. Id., 92 S.Ct. at 2193.

 Valenzuela was incarcerated during the entire twenty-month period. The
psychiatrist's report states that Valenzuela said he had been anxious, depressed, and
worried since he was incarcerated. But the record does not reflect that Valenzuela's
defense was impaired by the delay. As noted above, Valenzuela confessed to the offense;
his only defense was that he did not believe it was wrong for him to have sex with the
victim.

Balancing the Factors

 Balancing all the Barker factors, we conclude that Valenzuela was not denied his
right to a speedy trial. The delay in this case was caused by a combination of valid and
neutral reasons. Valenzuela did not assert his speedy trial right until eleven days before
trial, and even then his primary objective was to obtain a dismissal. Finally, his defense
was not prejudiced by the delay. Valenzuela's fourth point of error is overruled.

Conclusion 

 For the reasons stated herein we vacate the judgment of conviction as to the second
count of the indictment and we affirm the judgment of conviction as to the first count of
the indictment.


 SUSAN LARSEN, Justice

May 22, 2003


Before Panel No. 1

Larsen, McClure, and Chew, JJ.


(Do Not Publish)