MEMORANDUM OPINION




No. 04-03-00112-CR



Kendrick L. MITCHELL,


Appellant



v.



The STATE of Texas,


Appellee



From the 228th Judicial District Court, Harris County, Texas


Trial Court No. 915400


Honorable Robert N. Burdette, Judge Presiding



Opinion by: Alma L. López, Chief Justice


Sitting: Alma L. López, Chief Justice

 Catherine Stone, Justice

 Paul W. Green, Justice


Delivered and Filed: November 5, 2003


AFFIRMED

 Kendrick L. Mitchell ("Mitchell") appeals his conviction for jumping bail and failure to appear.
Mitchell raises two points of error, asserting that the trial court erred by: (1) failing to conduct a proper
competency hearing; and (2) denying his motion for continuance. We affirm the trial court's judgment.


Competency Hearing


 In his second point of error, Mitchell contends that the trial court erred in refusing to submit the
issue of his competency to a jury. Mitchell also contends that the trial court failed to conduct a proper
hearing to determine if a competency hearing was required.

 Mitchell was scheduled for trial on December 2, 2002. On that day, defense counsel filed a motion
to have Mitchell's competency determined. 

 At a hearing on pretrial matters on December 3, 2002, defense counsel stated that he had just
learned that Mitchell had been moved to the psychiatric floor of the jail. In discussing this move with
defense counsel, Mitchell informed defense counsel that he was bipolar. Defense counsel stated that the
bailiff confirmed that Mitchell had been moved for psychiatric reasons. Defense counsel asked the court
to appoint a doctor under article 46.02 to determine Mitchell's competency.

 The chief prosecutor testified that Mitchell had started a fire in the jail, but an administrative
proceeding within the jail regarding the incident was dismissed for "psychological slash insanity reasons."
The chief prosecutor was uncertain whether an actual hearing was held before the dismissal. The chief
prosecutor also stated that he had a lot of contact with Mitchell because his prior attorneys asked him to
discuss the case with them. The chief prosecutor stated that although he was not a doctor, he did not
believe Mitchell was incompetent or suffered from any severe mental defect or disease that would impair
his ability to stand trial.

 The court noted that the motion requesting the competency hearing stated that Mitchell was on
medication. Defense counsel responded that Mitchell informed him that he was taking Elavil and that he
had been taking Dilantin, but Mitchell had not been provided Dilantin in jail.

 Defense counsel requested that a doctor be appointed to examine Mitchell and announced not
ready for trial based on the new information. Because defense counsel was scheduled for trial in another
court, the trial court withheld a ruling on the motion and recessed the proceedings.

 On December 5, 2002, the trial court noted on the record that a psychologist was asked to
examine Mitchell in the holdover facility. The psychologist reported that Mitchell was malingering. As a
result, the psychologist was unable to conclude whether or not Mitchell was competent. Defense counsel
again announced not ready and objected to the trial court using a "shotgun procedure" to move the trial
along. Defense counsel stated that normal procedures would require that Mitchell be examined by a doctor
at the jail, not in the courtroom. Furthermore, defense counsel noted that the psychologist could not make
a competency determination. Defense counsel also urged the trial court to appoint an independent doctor
to allow Mitchell to have an independent examination. 

 The trial court noted that the psychologist stated that he was available if defense counsel wanted
to call him to testify. The trial court further noted that as long as Mitchell was malingering, it would be
impossible for any psychologist to determine his competency. The trial court denied the request for an
independent doctor. The prosecutor then stated that a number of attorneys and prosecutors had spoken
with Mitchell, and Mitchell had not taken the position that he was incompetent "until he found out that he
was enhanced to 25 to life. So the State's of the position that this is just an act, and we ask the Court to
proceed on it and get the trial underway." The trial court gave defense counsel time to explain the situation
to Mitchell and then proceeded to trial.

 The failure to grant a hearing before a jury on the issue of competency and the failure to appoint
an expert to conduct a psychological evaluation are reviewed under an abuse of discretion standard.
Grider v. State, 69 S.W.3d 681, 685 (Tex. App.--Texarkana 2002, no pet.); Rice v. State, 991 S.W.2d
953, 957 (Tex. App.--Fort Worth 1999, pet. ref'd). "A defendant is presumed competent to stand trial."
Tex. Code Crim. Proc. Ann. art. 46.02, §1A(b) (Vernon Supp. 2003). "A person is incompetent to
stand trial if the person does not have: (1) sufficient present ability to consult with the person's lawyer with
a reasonable degree of rational understanding; and (2) a rational as well as factual understanding of the
proceedings against the person." Tex. Code Crim. Proc. Ann. art. 46.02, §1A(a) (Vernon Supp.
2003).

 A trial court is required to hold a competency inquiry to determine whether to hold a competency
hearing before a jury if evidence of the defendant's incompetency is brought to the attention of the court
from any source and the evidence raises a bona fide doubt in the judge's mind about the defendant's
competency to stand trial. McDaniel v. State, 98 S.W.3d 704, 710 (Tex. Crim. App. 2003). Evidence
is usually sufficient to create a bona fide doubt if it shows recent severe mental illness, at least moderate
retardation, or truly bizarre acts by the defendant. Id. When such a bona fide doubt exists, the trial court
must conduct a competency inquiry to determine whether there is "some evidence" to support a finding of
incompetency, and, if so, to commence a competency hearing before a jury. Id. 

 In this case, the only evidence presented to the court was that Mitchell had been transferred to the
psychiatric floor of the jail after trying to start a fire, the administrative charges had been dismissed at the
jail for "psychological slash insanity reasons," Mitchell stated he was bipolar and had been taking
medication, and a psychologist who examined Mitchell stated Mitchell was malingering, making any
diagnosis regarding his competency impossible. Defense counsel never questioned Mitchell to establish
his inability to consult with defense counsel or his understanding of the proceedings. Defense counsel never
testified that Mitchell was unable to consult with him or that Mitchell did not understand the proceedings.
The prosecutors, who had worked with Mitchell and his defense counsel regarding the pending charges,
testified that Mitchell was competent. 

 Although the evidence suggested that Mitchell may have a psychiatric disorder, no evidence was
presented that the disorder affected his ability to consult with his lawyer or his understanding of the
proceedings. See Eddie v. State, 100 S.W.3d 437, 444 (Tex. App.--Texarkana 2003, pet. ref'd) (noting
evidence of mental disorder not evidence of incompetency); Marbut v. State, 76 S.W.3d 742, 748 (Tex.
App.--Waco 2002, pet. ref'd) (same); Grider, 69 S.W.3d at 685 (same). Where there is no evidence
the defendant does not understand the proceedings or cannot assist in his own defense, a trial court does
not abuse its discretion in failing to appoint a mental health expert. Grider, 69 S.W.3d at 685. The trial
court did what it was required to do under the circumstances: conduct an inquiry and satisfy itself whether
there was any evidence of Mitchell's incompetency. See Eddie, 100 S.W.3d at 444-45. The trial court
did not abuse its discretion in determining that no evidence supported a finding of incompetence. See
McDaniel, 98 S.W.3d at 711 (noting competency hearing before a jury is only required if judge determines
some evidence supports a finding of incompetence). Mitchell's second point of error is overruled.

Motion for Continuance


 In his first point of error, Mitchell contends that the trial court erred in denying his motion for
continuance. Mitchell concedes that his motion for continuance was not in writing; however, Mitchell
asserts that the denial of an oral motion for continuance is reviewable if it amounts to a denial of due
process. A motion for continuance not in writing and not sworn preserves nothing for review. Dewberry
v. State, 4 S.W.3d 735, 755 (Tex. Crim. App. 1999). Our sister courts have rejected the line of cases
cited by Mitchell providing an "equitable exception" to the requirement that motions for continuances be
written and sworn. Woodall v. State, 77 S.W.3d 388, 401 (Tex. App.--Fort Worth 2002, pet. ref'd)
(rejecting "equitable exception" argument); Dixon v. State, 64 S.W.3d 469, 473 (Tex. App.--Amarillo
2001, pet. ref'd) (same). We agree with our sister courts and reject the contention that a due process or
equitable exception exists to the requirement that a motion for continuance be in writing. Mitchell's first
point of error is overruled.

Conclusion


 The trial court's judgment is affirmed.

 Alma L. López, Chief Justice


DO NOT PUBLISH