Becker v. State







COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

)
MANYEA MADELL HIGGINS,                       )                  No. 08-03-00171-CR
)
                                    Appellant,                        )                              Appeal from
)
v.                                                                          )                  Criminal District Court No. 1
)
THE STATE OF TEXAS,                                   )                  of Dallas County, Texas
)
                                    Appellee.                          )                  (TC# F-0226449-QH)

O P I N I O N

            Manyea Madell Higgins appeals his conviction for aggravated assault on a public servant. 
Appellant waived his right to a jury trial and entered an open plea of guilty. The trial court found
Appellant guilty and assessed punishment at imprisonment for a term of fifteen years. The trial court
entered in the judgment an affirmative finding on the use of a deadly weapon. Tex.Code
Crim.Proc.Ann. art. 42.12, § 3g(a)(2)(Vernon Supp. 2004). We affirm.
FACTUAL SUFFICIENCY
            Nineteen-year-old Appellant moved to Dallas from Monroe, Louisiana in October 2002. He
purchased a gun for “protection” sometime after arriving in Dallas and he carried the loaded weapon
with him. Appellant had the weapon hidden in the sleeve of his jacket on the morning of
November 7, 2002, when two police officers pulled their patrol car up next to him as he walked
down a street. The officers stopped to talk to Appellant because he appeared to be “of school age.”
            Officer Robert Clark noticed that the jean jacket had extra long sleeves and he became
concerned that Appellant had a weapon when he refused to show them his right hand. Clark
unholstered his weapon and again demanded that Appellant show his right hand. Appellant extended
only his two middle fingers from the bottom of the sleeve so Clark knew Appellant had something
cupped in his hand. Appellant looked over his shoulder, then turned and spun towards Clark with
a handgun pointed at the officer’s chest. Clark suddenly grabbed the handgun with both hands and
pushed Appellant’s hand towards the ground. Clark took him to the ground and his partner got on
top of Appellant. After subduing Appellant, the officers found that Appellant’s gun was loaded and
he had 53 rounds of live ammunition in his back pocket. They also found a Halloween “Scream”
mask and toboggan in the jacket. When arrested, Appellant was only one hundred yards from a
small convenience store which appeared to be an easy robbery target. 
COMPETENCY
            In his sole point of error, Appellant argues that the trial court erred by failing to make an
inquiry into his competency to stand trial. The conviction of an accused person while he is legally
incompetent violates due process. Pate v. Robinson, 383 U.S. 375, 378, 86 S.Ct. 836, 15 L.Ed.2d
815 (1966); McDaniel v. State, 98 S.W.3d 704, 709 (Tex.Crim.App. 2003). Thus, to protect a
criminal defendant’s constitutional rights, a trial court must inquire into the accused's mental
competence once the issue is sufficiently raised. McDaniel, 98 S.W.3d at 709. Article 46.02 of the
Texas Code of Criminal Procedure guards this due process right. McDaniel, 98 S.W.3d at 709. 
Under this statute, a person is mentally incompetent to stand trial if the person does not have:
(1) sufficient present ability to consult with the person’s lawyer with a reasonable
degree of rational understanding; or
 
(2) a rational as well as factual understanding of the proceedings against the person.
Tex.Code Crim.Proc.Ann. art. 46.02, §1A(a)(Vernon Pamph. 2004). 
            A person is presumed competent to stand trial and shall be found competent to stand trial
unless proved incompetent by a preponderance of the evidence. Tex.Code Crim.Proc.Ann. art.
46.02, § 1A(b). This presumption extends to the entry of a guilty plea. See Arista v. State, 2 S.W.3d
444, 446 (Tex.App.--San Antonio 1999, no pet.). Unless an issue is made of a defendant’s present
mental competency, the trial court need not inquire or hear evidence on the issue. Kuyava v. State,
538 S.W.2d 627, 628 (Tex.Crim.App. 1976). If during the trial evidence of the defendant’s
incompetency is brought to the attention of the court from any source, the court must conduct a
hearing out of the presence of the jury to determine whether or not there is evidence to support a
finding of incompetency to stand trial. Tex.Code Crim.Proc.Ann. art. 46.02, § (b). A trial court’s
failure to conduct a competency inquiry is reviewed under an abuse of discretion standard. Rice v.
State, 991 S.W.2d 953, 957 (Tex.App.--Fort Worth 1999, pet. ref’d).
            Appellant did not raise the issue of competency prior to trial by pre-trial motion nor did he
request a separate hearing during trial. Likewise, Appellant did not raise the issue by a motion for
new trial. Instead, he claims on appeal for the first time that the trial court should have halted the
guilty plea and conducted a competency hearing because Officer Clark testified that Appellant
pointed a gun at him. According to Appellant, “[p]ointing a gun at an officer who has his weapon
drawn and pointed is the action of a suicidal, mentally imbalanced person and therefore the Court
should have investigated the Defendant’s mental incompetency before his open plea of guilty was
accepted.” 
            To trigger a hearing under Article 46.02, § 2, the evidence must sufficiently create a bona fide
doubt in the mind of the court whether the defendant meets the test of legal competence. Collier v.
State, 959 S.W.2d 621, 625 (Tex.Crim.App. 1998); Rice, 991 S.W.2d at 957. Generally, a bona fide
doubt about a defendant’s legal competence is raised only if the evidence indicates recent severe
mental illness, moderate mental retardation, or truly bizarre acts by the defendant. Collier, 959
S.W.2d at 625; Rice, 991 S.W.2d at 957. The test is not whether the accused labored under some
mental, behavioral, or psychological impairment; rather, the critical inquiry is whether the accused
had the ability to consult with his attorney with a reasonable degree of rational understanding and
had a rational as well as factual understanding of the proceedings against him. See Rice, 991 S.W.2d
at 957, citing Porter v. State, 623 S.W.2d 374, 380 (Tex.Crim.App. 1981)(evidence of earlier
psychological problems not enough to show defendant incompetent to stand trial), Leyva v. State,
552 S.W.2d 158, 160 (Tex.Crim.App. 1977)(even judicial determination that a person is mentally
ill is not determination of mental incompetency).
            The evidence before the trial court did not raise a bona fide doubt as to Appellant’s
competence to stand trial. At the guilty plea, Appellant communicated with the trial court regarding
his understanding of the proceedings and his decision to voluntarily waive his rights and enter a plea
of guilty. He also testified and answered questions put to him by both his own counsel and the State
regarding his understanding of the proceedings and the facts of the offense. His responses to the
court and his testimony were logical and articulate. Further, the plea papers include a written
statement by Appellant’s trial attorney that he had consulted with the defendant and believed him
to be competent. Officer Clark’s testimony regarding Appellant’s behavior at the time of the offense
does not raise an issue of his competence to stand trial because it did not reflect that Appellant
lacked the ability to consult with his attorney with a reasonable degree of rational understanding nor
did it show that he lacked a rational as well as factual understanding of the proceedings against him. 
The trial court did not abuse its discretion by failing to halt the proceedings and conduct an inquiry
into Appellant’s competence. Appellant’s sole point of error is overruled and the judgment of the
trial court is affirmed.


July 8, 2004                                                                 
                                                                                    ANN CRAWFORD McCLURE, Justice

Before Panel No. 4
Barajas, C.J., Larsen, and McClure, JJ.

(Do Not Publish)