Opinion issued December 4, 2003



     












In The
Court of Appeals
For The
First District of Texas




NO. 01-02-00892-CR




DARRICK MARCIANO KIZZEE, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 23rd District Court
Brazoria County, Texas
Trial Court Cause No. 39,686




MEMORANDUM OPINION

          A jury convicted appellant, Darrick Marciano Kizzee, of assault on a
correctional officer, found the enhancement allegation in the indictment true, and
assessed punishment at three years and six months confinement. On appeal, appellant
contends (1) the court appointed expert rendered incompetent assistance, and (2) the
trial court erred in failing to conduct an inquiry as to whether a jury hearing was
necessary to decide appellant’s competence to stand trial.
          We affirm.
FACTS AND PROCEDURAL HISTORY
A.      The Offense
          Appellant is a prisoner in the custody of the Texas Department of Criminal
Justice–Institutional Division (TDCJ–ID). On April 9, 2000, appellant was escorted
from his cell at the Darrington Unit of TDCJ–ID to make a phone call. Appellant’s
hands were handcuffed behind his back as he was escorted from his cell to the
supervisory office from which he was to make his call. Once in the supervisory
office, Officer Landry Cooper, complainant, removed one of appellant’s handcuffs;
appellant repositioned his arms to his front; and Officer Cooper replaced the
handcuffs. Appellant then made his phone call. After appellant finished his call,
Officer Cooper removed appellant’s handcuffs so that he could once again handcuff
appellant’s hands behind appellant’s back. While appellant’s hands were free,
appellant struck Officer Cooper in the nose with his fist.
 
 
B.      Examination as to Insanity
          A jury trial began on June 4, 2002 to determine appellant’s guilt. Prior to trial,
on May 22, 2001, appellant filed a “Motion for Expert Examination of Defendant as
to Insanity at the time of the Offense.” In this motion appellant prayed as follows: 
WHEREFORE, the defendant prays the court grant this motion and
appoint a disinterested expert experienced and qualified in mental health
to examine the defendant with regard to the defendant’s insanity at the
time the offense was committed.

          The trial court granted appellant’s motion and appointed Dr. Windel Dickerson,
a psychologist, to conduct the examination. The trial court’s order stated that the
examination was for the “sole purpose of determining whether the defendant was
insane at the time of the offense.” The order required Dr. Dickerson to submit a
written report of the examination to the court. Dr. Dickerson’s report, dated
December 4, 2001, indicated that appellant was suffering from schizo-affective
disorder at the time of the offense. The report further indicated that there was reason
to assume that appellant was legally insane at the time of the offense.
C.      Examination as to Competency
          On May 22, 2001, appellant also filed a “Motion for Expert Examination of
Defendant as to Competency to Stand Trial” as well as a “Motion for Hearing on
Incompetency to Stand Trial.” The latter motion, however, was withdrawn on May
13, 2002, before a hearing could be held.
          In response to appellant’s request for an examination as to competency, the trial
court again appointed Dr. Dickerson to conduct an examination. The court further
required that Dr. Dickerson submit a report on appellant’s competency that was
distinct and separate from the report concerning appellant’s sanity at the time of the
offense. Dr. Dickerson’s report concerning appellant’s competency, dated December
4, 2001, indicated that appellant was competent to stand trial. On June 3, 2002, at a
pretrial hearing, both appellant and trial counsel confirmed Dr. Dickerson’s diagnosis
and acknowledged that appellant was competent to stand trial.
INCOMPETENT ASSISTANCE OF EXPERT WITNESS
          In his first point of error, appellant contends that, under Ake v. Oklahoma, 470
U.S. 68, 105 S. Ct. 1087 (1985), he was entitled to a competent psychologist to aid
him in presenting his insanity defense. Appellant further contends that Dr. Dickerson
was not competent, alleging several instances when Dr. Dickerson’s assistance was
either incompetent or incomplete. Appellant concludes that the trial court committed
error by not providing him with a competent expert.
          Appellant is correct to the extent that the State must assure a defendant access
to a competent psychologist as a matter of due process, when the defendant
demonstrates to the trial judge that the defendant’s sanity at the time of the offense
is to be a significant factor at trial. Ake, 470 U.S. at 83, 105 S. Ct. at 1096. However,
appellant confuses the “competent psychologist” provided for by Ake with the
“disinterested expert” provided for by article 46.03 of the Code of Criminal
Procedure.


 See De Freece v. State, 848 S.W.2d 150, 159 (Tex. Crim. App. 1993);
see also, Tex. Code Crim. Proc. Ann. art. 46.03, § 3(a) (Vernon Supp. 2004). The
experts provided for by these two authorities differ in two important aspects. 
           First, there is a difference in the capacities in which the experts serve. The
competent psychologist provided for by the Supreme Court’s decision in Ake
participates with the defendant as a partisan in the case. See Ake, 470 U.S. at 84, 105
S. Ct. at 1096. This expert is to provide “technical assistance to the accused, to help
evaluate the strength of his defense, to offer his own expert diagnosis at trial if it is
favorable to the defense and to identify the weaknesses in the State’s case, if any, by
testifying himself and/or preparing counsel to cross-examine opposing experts.” De
Freece, 848 S.W.2d at 159. On the other hand, the disinterested expert provided for
by article 46.03 does not serve as the expert of the State or the defense but rather as
the court’s disinterested witness. Id. at 154. The main purpose of the disinterested
expert is to aid the trial court in a preliminary examination as to whether insanity is
to be a significant factor in the case. Id. at 159. However, as a person with
knowledge pertinent to the case, a disinterested expert can still be called to testify at
a hearing or trial by either the State or the defendant. See Tex. Code Crim. Proc. art.
46.03, §3(a).
          Second, the standards by which the trial court determines the need for the
respective experts differ. If Ake is applicable to a given case, the trial court is
required to appoint a competent psychologist. Ake, 470 U.S. at 83, 105 S. Ct. at 1096. 
For Ake to be applicable, however, a defendant must make a sufficient threshold
showing that (1) an expert’s assistance is needed and (2) the expert’s testimony is
likely to be a significant factor at trial. Deason v. State, 84 S.W.3d 793, 796 (Tex.
App.—Houston [1st Dist.] 2002, pet. ref’d). On the other hand, the trial court has
discretion—upon its own motion or a motion by the defendant, his counsel, or the
prosecuting attorney—as to whether a disinterested expert is to be appointed under 
article 46.03. Tex. Code. Crim. Proc. art. 46.03, § 3(a). The trial court need only
exercise this discretion once a notice of intention to raise the insanity defense is filed. 
Id. 
          Appellant’s “Motion for Expert Examination of Defendant as to Insanity at the
Time of the Offense” unequivocally limited itself to a request for a disinterested
expert. Indeed, the language of appellant’s motion specifically tracked the language
of article 46.03, section 3(a). Appellant made no other motion requesting an expert
to assist in his insanity defense. We need not speculate as to why appellant did not
request a competent expert under Ake; it is enough that he did not. We hold that,
because he never requested access to a competent psychologist under Ake, appellant
may not now complain on appeal that he was denied the assistance of a competent
psychologist. Tex. R. App. P. 33.1; Robinson v. State, 16 S.W.3d 808, 809 (Tex.
Crim. App. 2000).
          Appellant’s first point of error is overruled.
COMPETENCY INQUIRY
          In his second point of error appellant contends that, when a defendant files a
motion before trial raising the issue of competency, the court is required to hold an
inquiry to determine if a jury hearing on competency is warranted. Appellant further
contends that his “Motion for Expert Examination of Defendant as to Competency to
Stand Trial” and “Motion for Hearing on Incompetency to Stand Trial” raised the
issue of competency. Therefore, appellant concludes that the trial court erred in
failing to conduct an inquiry as to whether a jury hearing was necessary to decide
appellant’s competence to stand trial.
          To find a defendant incompetent to stand trial, a trial court must follow a
process consisting of four stages. Rice v. State, 991 S.W.2d 953, 956 (Tex.
App.—Fort Worth 1999, pet. ref’d). First, the trial court must be presented with
evidence raising a bona fide doubt as to the defendant’s competency. Collier v. State,
959 S.W.2d 621, 625 (Tex. Crim. App. 1997). Second, once the question of a
defendant’s competency is sufficiently raised, the court must conduct an inquiry to
determine whether any evidence exists that may rationally lead to a conclusion of
incompetency. Tex. Code Crim. Proc. Ann. art. 46.02, § 2(a), (b) (Vernon Supp.
2004); Rice, 991 S.W.2d at 956. Third, if any evidence of incompetency is presented
during the inquiry, the court must then impanel a separate jury to decide the issue of
competency. Sisco v. State, 599 S.W.2d 607, 613 (Tex. Crim. App. 1980). Finally,
the impaneled jury must determine that the preponderance of the evidence shows the
defendant to be incompetent to stand trial. Tex. Code. Crim. Proc. art. 46.02, § 2(b).
          Appellant’s contention that he was entitled to an inquiry concerning his
competency merely by virtue of his pretrial motions is erroneous. See Alcott v. State,
51 S.W.3d 596, 600 (Tex. Crim. App. 2001). For a defendant to be entitled to an
inquiry, evidence must be presented sufficient to “create a bona fide doubt in the
mind of the court whether the defendant meets the test of legal competence.” Rice, 
991 S.W.2d at 956. In general, a bona fide doubt is raised only if the evidence
indicates recent severe mental illness, at least moderate mental retardation, or truly
bizarre acts by the defendant. Collier, 959 S.W.2d at 625. 
          “The courts of this state have consistently maintained that the test is not
whether the accused labored under some mental behavioral, or psychological
impairment; rather, the critical inquiry is whether the accused had the ability to
consult with his attorney with a reasonable degree of rational understanding and had
a rational as well as factual understanding of the proceedings against him.” Rice, 991
S.W.2d at 957. Therefore, evidence that a defendant suffered from earlier
psychological problems is not sufficient to require an inquiry. See Porter v. State,
623 S.W.2d 374, 380 (Tex. Crim. App. 1981). Similarly, evidence of a person’s
mental status at the time of the offense is not evidence of incompetency to stand trial. 
Valdes-Fuerte v. State, 892 S.W.2d 103, 108 (Tex. App.—San Antonio 1994, no
pet.).
          A defendant’s competence is presumed; therefore, a defendant seeking an
inquiry as to competence has the burden of presenting evidence sufficient to raise a
bona fide doubt as to competency. See Rice, 991 S.W.2d at 958. “Evidence capable
of creating a bona fide doubt about a defendant’s competency may come from the trial
court’s own observations, known facts, evidence presented, motions, affidavits, or
any other claim or credible source.” Brown v. State, 960 S.W.2d 772, 774 (Tex.
App.—Dallas 1997, pet. ref’d). When evidence is presented and the trial court refuses 
or otherwise fails to conduct an inquiry, we review the trial court’s decision under an
abuse of discretion standard. Thompson v. State, 915 S.W.2d 897, 901 (Tex.
App.—Houston [1st Dist.] 1996, pet. ref’d).
 
 
          In the instant case, the trial court granted appellant’s request for an evaluation
regarding his competency. The trial court appointed Dr. Dickerson to conduct the
evaluation. Dr. Dickerson concluded that appellant was sufficiently competent to
consult with his attorney with a reasonable degree of rational understanding and had
a rational as well as a factual understanding of the proceedings against him. During
a pretrial hearing, conducted the day before trial began, both appellant and trial
counsel represented to the court that appellant was competent to stand trial. Although
there was evidence that appellant had suffered from psychological problems in the
past and that he suffered from schizo-affective disorder at the time of the offense,
such evidence was not dispositive of appellant’s mental faculties at the time of trial. 
The record indicates that appellant was lucid at the time of trial and had a reasonable
understanding of the proceedings against him. We conclude that appellant did not
present evidence to the trial court sufficient to raise a bona fide doubt as to his
competency to stand trial.
          We hold that the trial court did not abuse its discretion by not holding an
inquiry concerning appellant’s competency to stand trial.
          Appellant’s second point of error is overruled.
 
 
 
CONCLUSION
          We affirm the judgment of the trial court.
 
 

                                                             Laura Carter Higley
                                                             Justice
 
Panel consists of Justices Hedges, Nuchia, and Higley.
Do not publish. Tex. R. App. P. 47.2(b).